# Supreme Court of Florida

_____

No. SC16-547
_____

**LARRY DARNELL PERRY,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[October 14, 2016]

PER CURIAM.

The issue before this Court is whether the newly enacted death penalty law, passed after the United States Supreme Court held a portion of Florida's capital sentencing scheme unconstitutional in Hurst v. Florida, 136 S. Ct. 616 (2016) ("Hurst v. Florida"), may be constitutionally applied to pending prosecutions for capital offenses that occurred prior to the new law's effective date. The Fifth District Court of Appeal concluded in State v. Perry, 192 So. 3d 70 (Fla. 5th DCA

2016), that chapter 2016-13, Laws of Florida (2016) ("the Act"), could apply to

pending prosecutions without constitutional impediment.[1]

In its decision, the Fifth District passed on the following questions, which

the court certified to be of great public importance:

> 1)  DID HURST V. FLORIDA, 136 S. CT. 616 (2016), DECLARE
> FLORIDA'S DEATH PENALTY UNCONSTITUTIONAL?
>
> 2)  IF NOT, DOES CHAPTER 2016-13, LAWS OF FLORIDA,
> APPLY TO PENDING PROSECUTIONS FOR CAPITAL
> OFFENSES THAT OCCURRED PRIOR TO ITS EFFECTIVE
> DATE?

Id. at 76.[2]   Perry filed his Notice to Invoke Discretionary Jurisdiction in this Court

based upon the two certified questions.[3] We have jurisdiction. See art. V, §

3(b)(4), Fla. Const.

---

1.  Two trial courts in two different circuits have recently held the Act unconstitutional as to pending prosecutions because unanimity was not required in the final vote for death or in the jury fact-finding. State v. Keetley, No. 10-CF-018429 (Fla. 13th Jud. Cir. Ct., June 9, 2016) (pending before the Second District Court of Appeal in Case No. 2D16-2717); State v. Gaiter, No. F01-128535 (Fla. 11th Jud. Cir. Ct. May 9, 2016) (pending before the Third District Court of Appeal in Case No. 3D16-1174).

2.  After accepting jurisdiction and during merits briefing, this Court ordered that Perry and the State "address whether the provision within section 921.141(2)(c), Florida Statutes (2016), Chapter 2016-13, Laws of Florida, requiring that 'at least 10 jurors determine that the defendant should be sentenced to death' is unconstitutional." Perry v. State, SC16-547 (Fla. Sup. Ct. Order filed May 5, 2016).

3.  William T. Woodward, the other defendant whose case was considered by the Fifth District, moved for a motion for rehearing in the Fifth District, which

We have addressed the first certified question in our opinion on remand in Hurst v. State, No. SC12-1947 (slip op. issued Fla. Oct. 14, 2016) ("Hurst"). Based on that decision, in which we concluded that the death penalty was not declared unconstitutional, we answer the first certified question in the negative. See Hurst, SC12-1947, slip op. at 50-51. Further, by its own terms, section 775.082(2), Florida Statutes (2013), is limited to those cases in which the

---

was still pending at the time Perry sought review in this Court. Woodward did not move for joinder in this case, but instead filed a motion for leave to appear as amicus curiae, which this Court granted on April 18, 2016. After the Fifth District denied Woodward's motion for rehearing on April 21, 2016, Woodward filed his Notice to Invoke Discretionary Jurisdiction in this Court. On April 29, 2016, this Court stayed that case pending disposition of this case. See Woodward v. State, No. SC16-696 (Fla. Sup. Ct. Order accepting jurisdiction filed April 29, 2016).

William T. Woodward and McClain & McDermott, P.A., the Law Offices of Todd G. Scher, P.L. and the Law Offices of John Abatecola, filed amicus curiae briefs on the certified questions in which they explain that they do not take the positions of either party. Capital Collateral Regional Counsel-South was granted leave to appear as amicus curiae by joining in the brief filed by McClain & McDermott, P.A., the Law Offices of Todd G. Scher, P.L., and the Law Offices of John Abatecola.

The Tenth Judicial Circuit Public Defender, Howard L. "Rex" Dimmig, II, the Constitution Project (TCP), and the American Civil Liberties Union Capital Punishment Project (ACLU-CPP) and the American Civil Liberties Union of Florida (ACLU-FL) filed amicus curiae briefs in support of Perry on the issue of whether section 921.141(2)(c), Florida Statutes (2016), chapter 2016-13, Laws of Florida, requiring that at least ten jurors determine that the defendant should be sentenced to death is unconstitutional under the Florida or United States Constitution. The Florida Association of Criminal Defense Lawyers (FACDL), Florida Capital Resource Center (FCRC), Florida International University College of Law's Center for Capital Representation (FIU CCR), and the Florida Public Defender Association (FPDA) were granted leave to join as amici curiae and adopted Mr. Dimmig's amicus brief on the issue of the constitutionality of the ten-juror recommendation.

defendant was "previously sentenced to death." Because this case involves a pending prosecution where the death penalty is sought, section 775.082(2) is inapplicable.

In addressing the second certified question of whether the Act may be applied to pending prosecutions, we necessarily review the constitutionality of the Act in light of our opinion in Hurst. In that opinion, we held that as a result of the longstanding adherence to unanimity in criminal jury trials in Florida, the right to a jury trial set forth in article I, section 22 of the Florida Constitution requires that in cases in which the penalty phase jury is not waived, the findings necessary to increase the penalty from a mandatory life sentence to death must be found beyond a reasonable doubt by a unanimous jury.[4] Hurst, SC12-1947, slip op. at 4. Those findings specifically include unanimity as to all aggravating factors to be considered, unanimity that sufficient aggravating factors exist for the imposition of the death penalty, unanimity that the aggravating factors outweigh the mitigating circumstances, and unanimity in the final jury recommendation for death. Id. at 23-24, 36.

---

4. In Hurst, we also decided the requirements of unanimity under both the Sixth and Eighth Amendments to the United States Constitution, but our basic reasoning rests on Florida's independent constitutional right to trial by jury. Art. I, § 22, Fla. Const.

While most of the provisions of the Act can be construed constitutionally in accordance with Hurst, the Act's requirement that only ten jurors, rather than all twelve, must recommend a death sentence is contrary to our holding in Hurst. See id. at 35 ("[W]e conclude under the commandments of Hurst v. Florida, [136 S. Ct. 616 (2016)], Florida's state constitutional right to trial by jury, and our Florida jurisprudence, the penalty phase jury must be unanimous in making the critical findings and recommendation that are necessary before a sentence of death may be considered by the judge or imposed.").[5] Therefore, we answer the second certified question in the negative, holding that the Act cannot be applied constitutionally to pending prosecutions because the Act does not require unanimity in the jury's final recommendation as to whether the defendant should be sentenced to death.

**BACKGROUND**

In State v. Perry, the Fifth District Court of Appeal addressed two cases involving defendants awaiting trial for charges of first-degree murder, in which the State filed notices of intent to seek the death penalty prior to the United States Supreme Court issuing its decision in Hurst v. Florida on January 12, 2016. Perry,

---

5. The statutory provision requiring "at least 10 jurors recommend death" was a result of compromise after the Florida House of Representatives and the Florida Senate promulgated two separate proposals, the House's proposing a final recommendation of nine to three and the Senate requiring a unanimous recommendation. Fla. S.B. 7068, § 3 (Feb. 3, 2016); Fla. H.B. 7101, § 2 (Feb. 5, 2016).

192 So. 3d at 73 n.2.  In Hurst v. Florida, the United States Supreme Court held that Florida's capital "sentencing scheme [was] unconstitutional."  136 S. Ct. at 619.  On March 7, 2016, the Florida Legislature, in response to Hurst v. Florida, amended Florida's capital sentencing scheme ("the Act").  See ch. 2016-13, Fla. Laws (2016).   When the Act went into effect, the State had already filed its petition in the Fifth District.  Perry, 192 So. 3d at 73.

The first case addressed by the Fifth District involves Larry Darnell Perry, who was indicted for first-degree murder and aggravated child abuse for the 2013 death of his son.  Id. at 72.  After Hurst v. Florida was issued, Perry moved to strike the State's notice of intent to seek the death penalty.  Id.  The second case concerns William Theodore Woodward, who was charged with two counts of first-degree murder for the 2012 deaths of his two neighbors.  Id.  After Hurst v. Florida, Woodward moved to prohibit the death qualification of the jury.  Id.

The trial courts in both cases granted the defendants' respective motions and, in both cases, the State filed petitions for writs of prohibition in the Fifth District seeking to prohibit the trial courts from striking its notice of intent to seek the death penalty in Perry's case and refusing to death qualify the jury in Woodward's case.  Id.  The Fifth District consolidated the cases for the purposes of disposition only.  Id. at n.2.

- 6 -

The Fifth District first determined that prohibition is appropriate when a trial court strikes a notice of intent to seek the death penalty or refuses to death qualify a jury in a capital case.  Id.  Then the Fifth District determined that the United States Supreme Court's decision in Hurst v. Florida did not leave Florida without a death penalty, as contended by Perry and Woodward, but rather "struck [only] the process of imposing a sentence of death."  Id. at 73.  Thus, the Fifth District rejected Petitioners' arguments that the Act does not apply because section 775.082(2), Florida Statutes (2015), provides for a mandatory, alternative sentence of life imprisonment when the death penalty is stricken.  Id.  We rejected the same arguments in Hurst, reasoning, first, that section 775.082(2) specifically applied only to "individuals previously sentenced to death," and, second, as stated above, that Hurst v. Florida did not hold the death penalty unconstitutional.  SC12-1947, slip op. at 50-52.

The Fifth District next turned to the argument that application of the new law to pending cases would constitute an ex post facto violation under the United States and Florida Constitutions.  Perry, 192 So. 3d at 74 (citing U.S. Const. art. I, § 10; art. I, § 10, Fla. Const.).  The Fifth District concluded that since ex post facto principles generally do not bar the application of procedural changes to pending criminal proceedings, and because it determined that the new law is procedural rather than substantive, there was no ex post facto violation.  Id. at 75.  The court

likened the situation to that in <u>Dobbert v. Florida</u>, 432 U.S. 282 (1977), in which the United States Supreme Court determined that Florida's newly enacted death sentencing law, passed in response to <u>Furman v. Georgia</u>, 408 U.S. 238 (1972), did not constitute an ex post facto violation when it was applied to capital defendants who had not yet been sentenced because it "simply altered the methods employed in determining whether the death penalty was imposed." <u>Perry</u>, 192 So. 3d at 75 (quoting <u>Dobbert</u>, 432 U.S. at 293-94). The Fifth District also found guidance in this Court's decision in <u>Horsley v. State</u>, 160 So. 3d 393 (Fla. 2015), which held that the new juvenile sentencing law, enacted in response to <u>Miller v. Alabama</u>, 132 S. Ct. 2455 (2012), would apply to juvenile offenders whose offenses predated the new law. <u>Perry</u>, 192 So. 3d at 75. After determining that the Act applies to pending prosecutions, the Fifth District certified the two questions regarding the applicability of the Act. <u>Id.</u> at 76.

## ANALYSIS

We now address the important question of whether the Act, chapter 2016-13, Laws of Florida, applies to cases in which the underlying crime was committed prior to the Act's effective date (March 7, 2016). We begin our analysis with an explanation of the statutory changes and how we construe these changes consistent with the United States Supreme Court's decision in <u>Hurst v. Florida</u> and our decision in <u>Hurst</u>. Ultimately, we conclude that while most of the provisions of the

- 8 -

Act can be construed constitutionally and could otherwise be validly applied to pending prosecutions, because the Act requires that only ten jurors, rather than all twelve, recommend a final sentence of death for death to be imposed, the Act is unconstitutional to that extent pursuant to Hurst and requires us to answer the second certified question in the negative.

## I. STATUTORY CHANGES

We begin with a discussion of the Act's changes to Florida's capital sentencing scheme. The most important changes made to the previously existing statutes appear in sections 775.082, 782.04, and 921.141. Ch. 2016-13, Laws of Fla. (2016). This Act was adopted shortly after the United States Supreme Court held in Hurst v. Florida that Florida's capital sentencing scheme was unconstitutional because it did not require the jury to determine the facts necessary for the imposition of the death penalty. 136 S. Ct. 616 (2016). As we explained in Hurst:

> The Supreme Court emphasized that under Florida law, before the sentence of death may be imposed, the trial court alone must find " 'the facts . . . [t]hat sufficient aggravating circumstances exist' and '[t]hat there are insufficient mitigating circumstances to outweigh the aggravating circumstances.' " Id. (quoting § 921.141(3), Fla. Stat. (2012)). The Supreme Court was explicit in Hurst v. Florida that the constitutional right to an impartial jury "required Florida to base Timothy Hurst's death sentence on a jury's verdict, not a judge's factfinding." Id. at 624.

SC12-1947, slip op. at 21.

Section 1 of the Act amends section 775.082(1)(a), Florida Statutes, from referring to the results of the sentencing procedure set forth in section 921.141 as "findings by the court" to "a determination" that such person shall be punished by death. Ch. 2016-13, § 1. Section 2 of the Act amends section 782.04(1) to create a notice requirement whereby prosecutors must notify the defendant within forty-five days after arraignment of the aggravating factors the State intends to prove at trial. Id. at § 2. Though not required by the United State Supreme Court's decision in Hurst v. Florida, by providing notice of aggravating factors, this change in section 2 provides a benefit to capital defendants that they were not previously afforded. State v. Steele, 921 So. 2d 538, 543 (Fla. 2005) (finding that no statute, rule of procedure, or decision of the Florida Supreme Court or United States Supreme Court compelled a trial court to require advance notice of aggravating factors).

Section 3 of the Act defines the facts required to be found by the jury for a sentence of death to be imposed. Section 3 contains the most substantial changes, significantly amending section 921.141, Florida Statutes. Ch. 2016-13, § 3. Specifically, it changes the expression "aggravating circumstances" to "aggravating factors" throughout section 921.141. The amended section 921.141(1) limits the State to presenting evidence of only those aggravating factors

of which it provided notice to the defendant pursuant to section 782.04(1)(b), as amended by section 2 of the law. Id.

The amended section 921.141(2) now expressly provides that the requirements in the statute apply to cases in which the defendant has not waived his or her right to a sentencing proceeding by a jury. Section 921.141(2)(a) now requires the jury to determine whether at least one aggravating factor has been proven beyond a reasonable doubt, and section 921.141(2)(b) requires the jury to find the aggravating factors unanimously and to specify which aggravating factors have been found unanimously:

> (2) FINDINGS AND RECOMMENDED SENTENCE BY THE JURY. . . .
> (a) After hearing all of the evidence presented regarding aggravating factors and mitigating circumstances, the jury shall deliberate and determine if the state has proven, beyond a reasonable doubt, the existence of at least one aggravating factor set forth in subsection (6).
> (b) The jury shall return findings identifying each aggravating factor found to exist. A finding that an aggravating factor exists must be unanimous.

§ 921.141(2), Fla. Stat. (2016).

The revised statute also now states that if the jury does not unanimously find at least one aggravating factor, the defendant is "ineligible for a sentence of death." Id. § 921.141(2)(b)1. The significance of this change is that the statute now expressly indicates that a death sentence cannot be considered unless at least one aggravating factor has been proven beyond a reasonable doubt. Of course, this

- 11 -

change is consistent with preexisting case law.  See, e.g., Steele, 921 So. 2d at 543 ("To obtain a death sentence, the State must prove beyond a reasonable doubt at least one aggravating circumstance, whereas to obtain a life sentence the defendant need not prove any mitigating circumstances at all.").

Next, section 3 changes former subsection (3) of section 921.141, which required the court to find whether sufficient aggravating circumstances existed to impose death and to determine that "there are insufficient mitigating circumstances to outweigh the aggravating circumstances," to subsection (2)(b)2. of the new section 921.141, now requiring the jury to make a sentencing recommendation based on the weighing of whether sufficient aggravating factors exist, whether those aggravating factors outweigh the mitigating circumstances found to exist, and based on those two considerations, whether the defendant should be sentenced to life or death:

> (2)  FINDINGS AND RECOMMENDED SENTENCE BY THE JURY. . . .
> . . .
> (b)  . . . If the jury:
> . . .
> 2.  Unanimously finds at least one aggravating factor, the defendant is eligible for a sentence of death and the jury shall make a recommendation to the court as to whether the defendant shall be sentenced to life imprisonment without the possibility of parole or to death.  The recommendation shall be based on a weighing of all of the following:
> a.  Whether sufficient aggravating factors exist.
> b.  Whether aggravating factors exist which outweigh the mitigating circumstances found to exist.

- 12 -

c.  Based on the considerations in sub-subparagraphs a. and b., whether the defendant should be sentenced to life imprisonment without the possibility of parole or to death.

§ 921.141(2)(b)2., Fla. Stat. (2016).

The change from a finding "[t]hat there are insufficient mitigating circumstances to outweigh the aggravating circumstances" in section 921.141(3), Florida Statutes (2015), to the jury considering whether "aggravating factors exist which outweigh the mitigating circumstances found to exist" in section 921.141(2)(b)2.b., Florida Statutes (2016), is a change to a reciprocal, synonymous statement.  The previous version of the statute also indicated that the jury's advisory recommendation would be based on "[w]hether sufficient mitigating circumstances exist which outweigh the aggravating circumstances found to exist." § 921.141(2)(b), Fla. Stat. (2015).  It has always been that death can be imposed only when the aggravating factors outweigh the mitigating circumstances, rather than the opposite.

Under the amended statute, the jury may recommend a death sentence so long as at least ten jurors agree that the defendant should be sentenced to death, whereas under the previous statute, a bare majority of the twelve-member jury was sufficient.  Compare § 921.141(2)(c), Fla. Stat. (2016) ("If at least 10 jurors determine that the defendant should be sentenced to death . . ."), with § 921.141(3),

- 13 -

Fla. Stat. (2015) ("Notwithstanding the recommendation of a majority of the

jury . . . ").  The new statute provides in pertinent part:

> If at least 10 jurors determine that the defendant should be
> sentenced to death, the jury's recommendation to the court shall be a
> sentence of death.  If fewer than 10 jurors determine that the
> defendant should be sentenced to death, the jury's recommendation to
> the court shall be a sentence of life imprisonment without the
> possibility of parole.

§ 921.141(2)(c), Fla. Stat. (2016).

Finally, the law expressly eliminates the ability of the court to override a

jury's recommendation for a life sentence with the imposition of a sentence of

death, while expressly allowing the court to impose a life sentence even where the

jury recommends death.  Id. § 921.141(3)(a)1. (setting forth that if the jury

recommends "[l]ife imprisonment without the possibility of parole, the court shall

impose the recommended sentence."); id. § 921.141(3)(a)2. (setting forth that if the

jury recommends death, "the court, after considering each aggravating factor found

by the jury and all mitigating circumstances, may impose a sentence of life . . . .").

Section 3 also removes all reference to the jury playing an "advisory" role in the

sentencing process.  Ch. 2016-13, § 3.

As to the effective date, the Act provides, "[t]his act shall take effect upon

becoming a law."  Id. § 7.  The Act became a law on March 7, 2016.

The amendments to section 921.141 clearly require the jury to explicitly find

at least one aggravating factor unanimously.  Additionally, they require unanimity

- 14 -

as to each aggravating factor that may be considered by the jury and trial court in determining the appropriate sentence.  The changes also require the jury to consider whether there are sufficient aggravating factors to outweigh the mitigating circumstances in order to impose death.  The changes further mandate that a life sentence be imposed unless ten or more jurors vote for death.

We reject Perry's argument that the burden of proof is inverted.  The burden of proof is not inverted—the State still must prove the requisite facts beyond a reasonable doubt to establish the same elements as were previously required under the prior statute.  The Act did not change the list of aggravating factors and mitigating circumstances that affect the weighing process.  The prior statute, which is mirrored in the jury instructions, stated that "after hearing all the evidence, the jury shall deliberate and render an advisory sentence to the court, based upon the following matters: . . . Whether sufficient mitigating circumstances exist which outweigh the aggravating circumstances found to exist."  § 921.141(2), Fla. Stat. (2015); In re Std. Jury Instrs. in Crim. Cases—Report No. 2013-03, 146 So. 3d 1110, 1120 (Fla. 2014).  The statute, as well as this Court's precedent, then required that "if the court imposes a sentence of death, it shall set forth in writing its findings upon which the sentence of death is based as to the facts[, including] [t]hat there are insufficient mitigating circumstances to outweigh the aggravating circumstances."  § 921.141(3), Fla. Stat. (2015).

- 15 -

The changes made by the Act, enacted in response to the United States Supreme Court's declaration in Hurst v. Florida, that Florida's prior statute was unconstitutional in not requiring the jury to make all findings necessary to render the defendant eligible for the death penalty, clearly place the jury in the all-important and constitutionally required factfinding role.

## II. WHETHER THE AMENDED STATUTE COMPLIES WITH HURST

We next construe the statutes amended by the Act to ensure that the Act is consistent with the United States Supreme Court's decision in Hurst v. Florida, as we interpreted that decision in Hurst. This Court has an obligation to construe a statute in a way that preserves its constitutionality. See State v. Harris, 356 So. 2d 315, 316-17 (Fla. 1978) (construing section 812.021(3), in a constitutional manner where the statute was procedurally flawed); see also Fla. Dep't of Children & Families v. F.L., 880 So. 2d 602, 609 (Fla. 2004) (stating that the Court has an obligation to construe a statute in a way that preserves its constitutionality). It is this Court's duty to "save Florida statutes from the constitutional dustbin whenever possible." Doe v. Mortham, 708 So. 2d 929, 934 (Fla. 1998). This Court is bound to "resolve all doubts as to the validity of the statute in favor of its constitutionality, provided the statute may be given a fair construction that is consistent with the federal and state constitutions as well as with legislative intent." Heart of Adoptions, Inc. v. J.A., Inc., 963 So. 2d 189, 207 (Fla. 2007) (citation

omitted). However, this Court may only do so, if "to do so does not effectively rewrite the enactment." State v. Stalder, 630 So. 2d 1072, 1076 (Fla. 1994) (quoting Firestone v. News-Press Publ'g Co., 538 So. 2d 457, 459-60 (Fla. 1989)).

In Hurst, we held that the United States Supreme Court's decision in Hurst v. Florida and Florida's right to a jury trial provided under article I, section 22 of the Florida Constitution require the jury's findings of the aggravating factors, that there are sufficient aggravating factors to impose death, that those aggravating factors outweigh the mitigation, and that death is the appropriate sentence are all required to be found unanimously by the jury for the defendant to be sentenced to death. Hurst, SC12-1947, slip op. at 23-24. We also held that, based on Florida's requirement for unanimity in jury verdicts and on the Eighth Amendment to the United States Constitution, a jury's ultimate recommendation of the death sentence must be unanimous. Id. at 4. We interpret the Act consistent with those opinions defining the parameters of a defendant's right to a jury trial before the maximum penalty—a death sentence—may be constitutionally imposed. See id. at 24-28.

The Act amends Florida's death penalty statute to provide that the jury must make a recommendation that is "based on" the "considerations" of whether sufficient aggravating factors exist and whether they outweigh the mitigating circumstances found to exist, but it does not specify whether these findings themselves must be unanimous or explicit. § 921.141(2)(b)2., Fla. Stat. (2016).

- 17 -

We recognize that the amended statute also provides that the death recommendation must be made by only ten jurors. See id. The statute is not explicit as to whether the requirement of a ten-to-two vote applies to the factual findings that there are sufficient aggravators and that the aggravating factors outweigh the mitigating circumstances or to the ultimate death recommendation. Compare § 921.141(2)(b), Fla. Stat. (2016), with § 921.141(2)(c), Fla. Stat. (2016). Consistent with our decision in Hurst, we construe section 921.141(2)(b)2. to require the penalty phase jury to unanimously find beyond a reasonable doubt that each aggravating factor exists, that sufficient aggravating factors exist to impose death, and that they outweigh the mitigating circumstances found to exist. Hurst, slip op. at 23. Clearly, if the intent was to apply a non-unanimous vote requirement to those separate factual findings, this would be unconstitutional as inconsistent with Hurst, where we have held that those findings must be made unanimously. See id.

However, we determine that the sentencing recommendation is a separate conclusion distinct from the jury's findings of whether sufficient aggravating factors exist and whether the aggravating factors outweigh the mitigation. It has long been true that a juror is not required to recommend the death sentence even if the jury concludes that the aggravating factors outweigh the mitigating circumstances. See, e.g., Cox v. State, 819 So. 2d 705, 717 (Fla. 2002) ( "[W]e

have declared many times that 'a jury is neither compelled nor required to recommend death where aggravating factors outweigh mitigating factors.' " (quoting Henyard v. State, 689 So. 2d 239, 249-50 (Fla. 1996))). That instruction is contained in the jury instructions used before Hurst v. Florida:

> If, after weighing the aggravating and mitigating circumstances, you determine that at least one aggravating circumstance is found to exist and that the mitigating circumstances do not outweigh the aggravating circumstances, or, in the absence of mitigating factors, that the aggravating factors alone are sufficient, you may recommend that a sentence of death be imposed rather than a sentence of life in prison without the possibility of parole. Regardless of your findings in this respect, however, you are neither compelled nor required to recommend a sentence of death.

In re Std. Jury Instrs. in Crim. Cases—Report No. 2013-03, 146 So. 3d at 1127-28 (emphasis added). This final jury recommendation, apart from the findings that sufficient aggravating factors exist and that the aggravating factors outweigh the mitigating circumstances, has sometimes been referred to as the "mercy" recommendation. See, e.g., Alvord v. State, 322 So. 2d 533, 540 (Fla. 1975), receded from on other grounds, Caso v. State, 524 So. 2d 422 (Fla. 1988) (explaining that the jury and judge may exercise mercy in their recommendation even if the factual situations may warrant capital punishment).

This provision of the Act not requiring that the jury's ultimate recommendation for death be unanimous is unconstitutional under this Court's holding in Hurst, and we are unable to construe that provision to be consistent with

Hurst.  As we held in Hurst, "under the commandments of Hurst v. Florida, Florida's state constitutional right to trial by jury, and our Florida jurisprudence, the penalty phase jury must be unanimous in making the critical findings and recommendation that are necessary before a sentence of death may be considered by the judge or imposed."  SC12-1947, slip. op. at 35.

In conclusion, we resolve any ambiguity in the Act consistent with our decision in Hurst.  Namely, to increase the penalty from a life sentence to a sentence of death, the jury must unanimously find the existence of any aggravating factor, that the aggravating factors are sufficient to warrant a sentence of death, that the aggravating factors outweigh the mitigating circumstances, and must unanimously recommend a sentence of death.  Id. at 23-24.  While most of the Act can be construed constitutionally under our holding in Hurst, the Act's 10-2 jury recommendation requirement renders the Act unconstitutional.

## CONCLUSION

Based on the reasoning of our opinion in Hurst, we answer both certified questions in the negative.  As to the second question, we construe the fact-finding provisions of the revised section 921.141, Florida Statutes, constitutionally in conformance with Hurst to require unanimous findings on all statutory elements required to impose death.  The Act, however, is unconstitutional because it requires that only ten jurors recommend death as opposed to the constitutionally required

- 20 -

unanimous, twelve-member jury. Accordingly, it cannot be applied to pending prosecutions.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, and PERRY, JJ., concur.
CANADY, J., concurs in part and dissents in part with an opinion, in which
POLSTON, J., concurs.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND
IF FILED, DETERMINED.

CANADY, J., concurring in part and dissenting in part.

I agree with the majority in approving the Fifth District's rejection of Perry's argument that the Supreme Court's decision in Hurst v. Florida "leave[s] Florida without a death penalty." I therefore concur with the majority in answering the first certified question in the negative.

But I dissent from the negative answer to the second certified question. Although I agree with the majority that the Fifth District correctly rejected Perry's argument that application of Florida's new death penalty statute to his case would be an ex post facto violation, I strongly disagree with the majority's conclusion that the new statute is unconstitutional under Hurst v. Florida. As I explained in my dissent in Hurst, SC12-1947, slip op. at 75 (Canady, J., dissenting), the Supreme Court "repeated[ly] identifi[ed]" "Florida's failure to require a jury finding of an aggravator as the flaw that renders Florida's death penalty law unconstitutional." See, e.g., Hurst v. Florida, 136 S. Ct. at 624 ("Florida's

- 21 -

sentencing scheme, which required the judge alone to find the existence of an aggravating circumstance, is therefore unconstitutional."). The new statute has remedied that flaw. See § 921.141(2)(a)-(b), Fla. Stat. (2016).

The Legislature's work in enacting the new statute reflects careful attention to the holding of Hurst v. Florida, which does not require jury sentencing. In rejecting the new statute, the majority has "fundamentally misapprehend[ed] and misuse[d] Hurst v. Florida," Hurst, SC12-1947, slip op. at 76 (Canady, J., dissenting).

POLSTON, J., concurs.

Application for Review of the Decision of the District Court of Appeal - Certified Great Public Importance

      Fifth District - Case No. 5D16-516

      (Osceola County)

J. Edwin Mills and Frank J. Bankowitz, III, Orlando, Florida,

      for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; Carol M. Dittmar, Senior Assistant Attorney General, Tampa, Florida; and Vivian Ann Singleton, Assistant Attorney General, Daytona Beach, Florida,

      for Respondent

Martin J. McClain and Linda McDermott of McClain & McDermott, P.A., Wilton Manors, Florida; Todd Gerald Scher of the Law Offices of Todd G. Scher, P.L., Dania Beach, Florida; John Paul Abatecola of John Abatecola, P.A., Estero, Florida; and Neal Andre Dupree, Capital Collateral Regional Counsel – Southern Region, Suzanne Myers Keffer, Chief Assistant Capital Collateral Regional

Counsel – Southern Region, and Michael Chance Meyer, Staff Attorney, Capital Collateral Regional Counsel – Southern Region, Fort Lauderdale, Florida,

  for Amici Curiae Capital Law Offices Specializing in Capital Appeals and Capital Collateral Regional Counsel – Southern Region

Robert Ralph Berry of Eisenmenger, Berry, Blaue & Peters, P.A., Viera, Florida,

  for Amicus Curiae William Woodward

Howard L. Dimmig, II, Public Defender, Robert Arthur Young, General Counsel, Steven L. Bolotin and Peter Mills, Assistant Public Defenders, Tenth Judicial Circuit, Bartow, Florida; Sonya Rudenstine, Gainesville, Florida; Karen Marcia Gottlieb, Florida International University College of Law's Center for Capital Representation; and Julianne M. Holt, Public Defender, Thirteenth Judicial Circuit, and President of the Florida Public Defender Association, Tampa, Florida,

  for Amici Curiae Tenth Judicial Circuit Public Defender, Florida Association of Criminal Defense Lawyers, Florida Capital Resource Center, Florida International University College of Law's Center for Capital Representation, and Florida Public Defender Association

Elliot H. Scherker of Greenberg Traurig, P.A., Miami, Florida,

  for Amicus Curiae The Constitution Project

Nancy Gbana Abudu, American Civil Liberties Union Foundation of Florida, Inc., Miami, Florida; and Norman Adam Tebrugge, American Civil Liberties Union Foundation of Florida, Inc., Tampa, Florida,

  for Amici Curiae American Civil Liberties Union Foundation, and American Civil Liberties Union of Florida