POLSTON, J.,
concurring.
I agree with the majority that Hurst v. Florida, _ U.S. _, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), does not apply retroactively to cases that were final when Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), was decided. To be clear, this decision does not address whether Hurst v. Florida applies retroactively to those cases that were not final when Ring was decided but were final when Hurst v. Florida was decided.
However, while I agree with the majority that Hurst v. Florida is not retroactive to pre-Ring cases under Witt v. State, 387 So.2d 922 (Fla. 1980), I believe that the retroactivity analysis the United States Supreme Court announced in Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 *30 L.Ed.2d 334 (1989), is the proper and applicable test. See Johnson v. State, 904 So.2d 400, 413 (Fla. 2005) (Cantero, J., concurring). I also continue to dissent to the majority’s expansion of the meaning of Hurst v. Florida as well as the majority’s holding that chapter 2016-13, Laws of Florida, is unconstitutional. See Hurst v. State, 202 So.3d 40, 77-83 (Fla. 2016) (Canady, J., dissenting); Perry v. State, 41 Fla. L. Weekly S449, 210 So.3d 630, 2016 WL 6036982 (Fla. Oct. 14, 2016) (Canady, J., concurring in part and dissenting in part).