PER CURIAM.
This Court has for its consideration two petitions for writs of prohibition filed in Evans v. State, No. SC16-1946, and Rosario v. State, No. SC16-2133. We granted Rosario’s motion for consolidation and consolidated the two cases for disposition purposes. As we explain below, we deny the petitions for writs of prohibition.
In Evans, the trial court determined that, in light of this Court’s decisions in Hurst v. State (Hurst), 202 So.3d 40 (Fla. 2016), and Perry v. State, 41 Fla. L. Weekly S449, 210 So.3d 630, 2016 WL 6036982 (Fla. Oct. 14, 2016), it would death qualify the jury in Evans’ first-degree murder trial and, if Evans were convicted of first-degree murder, proceed to the penalty *857 phase, where it would instruct the jury consistent with this Court’s decision in Hurst such that Evans could receive a death sentence if the jury unanimously made the requisite findings of fact and unanimously recommended a sentence of death.
Specifically, the trial court’s order in Evans, quoting the transcript of a status check proceeding, indicates the trial court would death qualify a jury and that the jury would be instructed (and the verdict form would reflect) that there are four determinations that the jury would have to find unanimously for the imposition of a death sentence:
I would have four questions on the verdict form.
Number one, do you-all unanimously believe that this aggravating factor was proved beyond a reasonable doubt? ,..
And then, number two, do you unanimously find that the aggravating circumstances are [sufficient]?
Number three, do you [unanimously] find that the aggravating circumstances outweigh any mitigating circumstances?
And then in number four, if you answered “yes” to all of those, do you [unanimously] find that death would be your verdict or would be the proper determination?
Of course, we would instruct them that just because they answered “yes, yes, yes” to the first three, it doesn’t mean they have to answer “yes” to four.
[[Image here]]
And as I said, we would death qualify the jury and let them know that that’s what the rules would be. And then if the defendant is, in fact, found guilty of first[-]degree murder, then we would proceed accordingly. I don’t think it would be all that hard to draft those instructions. I don’t think it would be all that hard to come up with a verdict form.
Evans now seeks a writ of prohibition in this Court to restrain the trial court from proceeding as indicated in its order.
By contrast, the trial court in Rosario initially determined that this Court’s decision in Perry prohibits the State from seeking the death penalty in a pending prosecution. The trial court ordered that Rosario’s case would proceed with a mandatory life maximum penalty. However, the State challenged this order, and the Fifth District granted the State’s petition for a writ of prohibition. Rosario now requests that this Court issue a writ of prohibition restraining the trial court from death qualifying a jury.
ANALYSIS
In Hurst, 202 So.3d at 44, after the United States Supreme Court’s decision in Hurst v. Florida, — U.S. —, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), this Court delineated the factual findings and recommendation a jury must unanimously make before a trial court may impose a death sentence:
[T]he Supreme Court’s decision in Hurst v. Florida requires that all the critical findings necessary before the trial court may consider imposing a sentence of death must be found unanimously by the jury.... In capital cases in Florida, these specific findings required to be made by the jury include the existence of each aggravating factor that has been proven beyond a reasonable doubt, the finding that the aggravating factors are sufficient, and the finding that the aggravating factors outweigh the mitigating circumstances. We also hold .,. that in order for the trial court to impose a sentence of death, the jury’s recommended sentence of death must be unanimous.
Thereafter, in Perry, 41 Fla. L. Weekly at S449, 210 So.3d at 630, this Court ad *858 dressed “whether the newly enacted death penalty law, passed after the United States Supreme Court held a portion of Florida’s capital sentencing scheme unconstitutional in Hurst v. Florida[,] may be constitutionally applied to pending prosecutions.” We summarized our holding in Perry as follows:
Ultimately, we conclude that while most of the provisions of the Act can be construed constitutionally and could otherwise be validly applied to pending prosecutions, because the Act requires that only ten jurors, rather than all twelve, recommend a final sentence of death for death to be imposed, the Act is unconstitutional to that extent pursuant to Hurst....
Id. at S451, 210 So.3d at at 635:
As we explained in Perry, “[s]ection 3 of the Act defines the facts required to be found by the jury for a sentence of death to be imposed.” Id. Specifically, section 3 of the Act amends sections 921.141(2) and (3), Florida Statutes, to include the following language:
(2) FINDINGS AND RECOMMENDED SENTENCE BY THE JURY. This subsection applies only if the defendant has not waived his or her right to a sentencing proceeding by a te
(a) After hearing all of the evidence presented regarding aggravating factors and mitigating circumstances, the jury shall deliberate and determine if the state has proven, beyond a reasonable doubt, the existence of at least one aggravating factor set forth in subsection (⅛
(b) The jury shall return findings identifying each aggravating factor found to exist. A finding that an aggravating factor exists must be unanimous. If the jury:
1. Does not unanimously find at least one aggravating factor, the defendant is ineligible for a sentence of death.
2. Unanimously finds at least one aggravating factor, the defendant is eligible for a sentence of death and the jury shall make a recommendation to the court as to whether the defendant shall be sentenced to life imprisonment without the possibility of parole or to death. The recommendation shall be based on a weighing of all of the following:
a. Whether sufficient aggravating factors exist.
b. Whether aggravating factors exist which outweigh the mitigating circumstances found to exist.
c. Rased on the considerations in sub-subparagraphs a. and b., whether the defendant should be sentenced to life imprisonment without the possibility of parole or to death.
(c)If at least 10 jurors determine that the defendant should be sentenced to death, the jury’s recommendation to the court shall be a sentence of death. If fewer than 10 jurors determine that the defendant should be sentenced to death, the jury’s recommendation to the court shall be a sentence of life imprisonment without the possibility of parolé-
is) IMPOSITION OF SENTENCE OF LIFE IMPRISONMENT OR DEATH.—
(a) If the jury has recommended a sentence of:
1. Life imprisonment without the possibility of parole, the court shall impose the recommended sentence.
2. Death, the court, after considering each aggravating factor found by the jury and all mitigating circumstances, may impose a sentence of life imprisonment without the possibility of parole or a sentence of death. The court may consider only an aggravating factor that *859 was unanimously found to exist by the .jury.
CL 2016-13, § 3, at 233-34, Laws of Fla.
In Perry, 41 Fla. L. Weekly at S462, 210 So.3d at 639, this Court explained that “Consistent with our decision in Hurst, we construe [this amended] section 921.141(2)(b)2. to require the penalty phase jury to unanimously find beyond a reasonable doubt that each aggravating factor exists, that sufficient aggravating factors exist to impose death, and that they outweigh the mitigating circumstances found to exist.” This Court in Perry, id. at S453, 210 So.3d at at 640, also concluded that the provision of the Act amending section 921.141(2)(c) “is unconstitutional because it requires that only ten jurors recommend death as opposed to the constitutionally required unanimous, twelve-member jury.”
Accordingly, pursuant to our holding in Perry, the revised statutoiy scheme in chapter 2016-13, Laws of Florida, can be applied to pending prosecutions because “most of the provisions of the Act can be construed constitutionally and [can] otherwise be validly applied to pending prosecutions.” Id. at S451, 210 So.3d at 635. Importantly, however, the provision of the Act identified as problematic in Perry, which amends section 921.141(2)(c),[1] can only be constitutionally applied under our decisions in Hurst and Perry to pending prosecutions for a jury recommendation of death if twelve jurors unanimously determine that a defendant should be sentenced to death. Therefore, we deny Evans’ and Rosario’s petitions for writs of prohibition.[2] The trial courts in Evans and Rosario may proceed with death qualifying juries.
It is so ordered.
CANADY, POLSTON, and LAWSON, JJ., concur.
POLSTON, J., concurs with an opinion, in which CANADY and LAWSON, JJ., concur.
' LABARGA, C.J., concurs in result with an opinion, in which LEWIS, J., concurs.
PARIENTE, J., concurs in part and dissents in part with an opinion, in which QUINCE, J., concurs.

. To be clear, the provision identified as problematic in Perry provides the following:
If at least 10 jurors determine that the defendant should be sentenced to death, the jury’s recommendation to the court shall be a sentence of death. If fewer than 10 jurors determine that the defendant should be sentenced to death, the jury’s recommendation to the court shall be a sentence of life imprisonment without the possibility of parole.
§ 921.141(2)(c), Fla. Stat. (2016).

. It is unnecessary to address the State’s motion to toll speedy trial in Rosario at this time because Rosario is the one who filed the petition for a writ of prohibition in this Court. See Barker v. Wingo, 407 U.S. 514, 529, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) (”[I]f delay is attributable to the defendant, then his waiver [of the right to speedy trial] may be given effect under standard waiver doctrine, the demand rule aside.”); Carroll v. State, 251 So.2d 866, 871 (Fla. 1971) ("If [the accused] elects to proceed through prohibition, an automatic stay is instituted once the rule has been issued, thereby subjecting the accused to a tolling of time while his petition is pending.”). We transfer the State’s motion to toll speedy trial to the trial court upon issuance of this Court’s mandate. See State v. Jenkins, 389 So.2d 971, 974 (Fla. 1980) ("The trial judge is in the best position to make certain under the individual facts of the case that an extension of time will not deprive the defendant of this constitutional right to a speedy trial.”).