PARIENTE, J.,
concurring.
I write in response to Justice Polstoris dissent, which apparently disagrees with authorizing the proposed jury instructions for publication on an interim basis. Regardless of his views on the merits of Hurst v. State (Hurst), 202 So.3d 40 (Fla.2016), Justice Polston ignores that there is now legislation passed by the Legislature and signed into law by the Governor, effective March 13, 2017, which requires a unanimous jury verdict of death. Ch. 2017-1, § 1 Laws of Fla.; see § 921.141(2), Fla. Stat. (2016); see also Perry v. State, 41 Fla. L. Weekly S449, 210 So.3d 630 (Fla. Oct. 14, 2016). Ironically, even while continuing to adhere to his views on Hurst, Justice Polston joined the majority in Evans v. State, 42 Fla. L. Weekly S200, 213 So.3d 856, 2017 WL 664191 (Fla. Feb. 20, 2017), concluding that chapter 2016-13, Laws of Florida, could be applied to pending prosecutions with jury instructions consistent with Hurst.
Clearly the new capital sentencing law applies to pending prosecutions in Florida, and it is this Court’s obligation to provide guidance to the trial courts, lawyers, litigants, and, most importantly, the jury— the finder of fact—as to the proper instructions on the law and verdict form. Thus, I concur in the majority’s authorization of the jury instructions and verdict form, which are consistent with the Legislature’s most recent revision to Florida’s capital sentencing law.