Per Curiam.
The State petitions for a writ of prohibition from the trial court’s order granting the defendant’s Motion to Prohibit Death as a Penalty in a pending first-degree murder prosecution. We have jurisdiction. State v. Jones, 209 So.3d 6, 9 (Fla. 2d DCA 2016). We grant the petition and quash the trial court’s order.
- The trial court precluded the State from death-qualifying a jury and from seeking the death penalty for two reasons: (1) the death penalty statute then in effect was found partially unconstitutional in Perry v. State, 210 So.3d 630 (Fla. 2016), so there was no constitutional procedure in place for imposing the death penalty;, and (2) the grand jury’s indictment did not allege the “aggravating factors” that the' State intended to prove at sentencing.
As to the trial court’s first reason, the Florida Supreme Court has since held that the death penalty statute could be constitutionally applied in pending prosecutions if the jury is unanimous in recommending death. Evans v. State, 213 So.3d 856 (Fla. 2017). The Florida Legislature enacted Chapter 2017-1, Laws of Florida (effective March 13, 2017), which amends thé portion of the statute found problematic in Perry to require a unanimous jury recommendation to impose a death sentence. Thus, on this point, the State has established a basis for relief.
*866 As .to the second reason, a long line of precedent from the Florida Supreme Court .holds that aggravating factors need not be charged in an indictment. See, e.g., Miller v. State, 42 So.3d 204, 215 (Fla. 2010); Smith v. State, 151 So.3d 1177, 1182-83 (Fla. 2014); Tai A. Pham v. State, 70 So.3d 485, 496 (Fla. 2011); Rogers v. State, 957 So.2d 538, 554 (Fla. 2007); Coday v. State, 946 So.2d 988, 1006 (Fla. 2006); Porter v. Crosby, 840 So.2d 981, 986 (Fla. 2003); Kormondy v. State, 845 So.2d 41, 54 (Fla. 2003); Sireci v. State, 399 So.2d 964, 970 (Fla. 1981). Regardless, our review of the indictment in this case finds that it adequately alleged the aggravating factors necessary to support the death penalty. Accordingly, the State has. established a basis for relief on this point as well.
We grant the petition and quash the trial court’s order. This decision does not preclude defendant from raising claims relating to these issues on appeal if necessary.

Petition granted. Order quashed.

Ciklin, C.J., and Klingensmith, J., concur.
Warner, J., concurs specially with < opinion.