DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Petitioner,

v.

**JOHN CHAPMAN,**
Respondent.

No. 4D17-428

[August 30, 2017]

Petition for Writ of Prohibition to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Krista Marx, Judge; L.T. Case No. 2015-CF-004298-AMB.

Pamela Jo Bondi, Attorney General, Tallahassee, and Leslie Campbell, Assistant Attorney General, West Palm Beach, for petitioner.

Carey Haughwout, Public Defender, and Gary Lee Caldwell, Assistant Public Defender, West Palm Beach, for respondent.

GROSS, J.

The State's petition for writ of prohibition is granted. *See State v. Lopez*, 42 Fla. L. Weekly D1267 (Fla. 4th DCA May 31, 2017). The trial court's order precluding death as a possible punishment and precluding the State from death-qualifying the jury is quashed. *See State v. Jones*, 209 So. 3d 6 (Fla. 2d DCA 2016) (granting prohibition and quashing a trial court's pretrial order precluding the death penalty); *see also State v. Bloom*, 497 So. 2d 2, 3 (Fla. 1986) ("A writ of prohibition is the appropriate remedy when a trial court attempts to interfere with the prosecutorial discretion of a state attorney.").

The trial court's ruling that the State could not pursue the death penalty because no constitutional penalty phase procedure was in place at the time has been rejected by the Florida Supreme Court. *See Evans v. State*, 213 So. 3d 856 (Fla. 2017) (holding that the death penalty statute could be constitutionally applied in pending prosecutions if the jury is unanimous in recommending death). In addition, the Florida Legislature enacted Chapter 2017–1, Laws of Florida (effective March 13, 2017), which

amended the portion of the death penalty statute found problematic in *Perry v. State*, 210 So. 3d 630 (Fla. 2016).

We explained in *Lopez* that the Florida Supreme Court has not receded from its long line of precedent holding that aggravating factors need not be alleged in an indictment. 42 Fla. L. Weekly at D1267 (citations therein). The Florida Supreme Court does not silently overrule itself, and its undisturbed precedent on this issue is binding. *Puryear v. State*, 810 So. 2d 901, 905–06 (Fla. 2002).

The State has brought to our attention that, while this petition was pending in this court, defendants in two unrelated cases sought a writ of prohibition from the Florida Supreme Court arguing that failure to allege aggravating factors in the indictment precluded the State from seeking the death penalty. After considering a response and reply, the Florida Supreme Court denied those petitions "on the merits." *Luongo v. State*, No. SC17-431, 2017 WL 1033694 (Fla. Mar. 17, 2017); *Avalos v. State*, No. SC17-622, 2017 WL 1409679 (Fla. Apr. 20, 2017) (citing to *Luongo*).

The defendant in this case argues that these unelaborated decisions have no precedential value, *see Dep't of Legal Affairs v. Dist. Court of Appeal, 5th Dist.*, 434 So. 2d 310 (Fla. 1983), but the denial of the petitions "on the merits" appears to have a preclusive effect on any future claims by the defendants in those cases. *See Topps v. State*, 865 So. 2d 1253, 1257-58 (Fla. 2004). This suggests that the Florida Supreme Court does not intend to recede from its precedent on this issue.

The State's Petition for Writ of Prohibition is granted. The trial court's order precluding death as a possible punishment and precluding the State from death-qualifying the jury is quashed.

CONNER and KLINGENSMITH, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***

- 2 -