[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  17-14935
_____

D.C. Docket No. 8:17-cv-02609-MSS-TGW


PATRICK HANNON,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____


Before MARCUS, WILLIAM PRYOR, and MARTIN, Circuit Judges.

BY THE COURT:

Patrick Hannon is a Florida death row prisoner who is scheduled to be

executed tonight.  He appeals from the district court's order denying his 28 U.S.C.

§ 2254 petition and denying his request for a stay of execution.  Hannon seeks a

certificate of appealability ("COA") on his claim that the Eighth and Fourteenth Amendments of the U.S. Constitution require the retroactive application of Florida's new death penalty statute, Chapter 2017-1, to his case. He also seeks a stay of execution. Because we conclude that Hannon's claim is foreclosed by precedent, we deny his request for a COA as well as his motion for a stay of execution.

## I. BACKGROUND

### A. Hurst and Florida's New Death Penalty Statute

To put Hannon's claims into context, we first discuss the recent developments in Florida's death penalty scheme, stemming from the U.S. Supreme Court's decision in Hurst v. Florida, 577 U.S. __, 136 S. Ct 616 (2016). In Hurst, the U.S. Supreme Court held that Florida's capital sentencing scheme violated the Sixth Amendment because it required the judge alone to find the existence of an aggravating circumstance necessary for the imposition of a death sentence. 136 S. Ct. at 622–24. The Florida Supreme Court later held that, under state law, Hurst did not apply retroactively to capital convictions where the death sentence became final before the U.S. Supreme Court decided Ring v. Arizona, 536 U.S. 584, 122 S. Ct. 2428 (2002). Asay v. State, 210 So. 3d 1, 22 (Fla. 2016), cert. denied, __ S. Ct. __, 2017 WL 1807588 (Aug. 24, 2017). Mr. Hannon's death sentence became final in 1995, several years before Ring was decided, and so Hurst is not

2

retroactive to him under the Florida Supreme Court's decision in Asay.  Hannon v.
State, 638 So. 2d 39 (Fla. 1994), cert. denied, 513 U.S. 1158 (1995).

Following the Florida Supreme Court's decisions in Hurst v. State, 202 So.
3d 40 (Fla. 2016), and Perry v. State, 210 So. 3d 630 (Fla. 2016), the Florida
legislature passed Chapter 2017-1, amending Florida's death penalty statute.
Chapter 2017-1 requires a unanimous jury finding of at least one aggravating
factor and a unanimous jury recommendation of death before a defendant
convicted of first-degree murder may be sentenced to death.  See Fla. Stat. §
921.141 (2017).[1]  The amended statute contains no provision regarding its
retroactive application.  See id.

## B. Hannon's Claims

In July 1991, a jury convicted Hannon of the capital murders of Brandon
Snider and Robert Carter, and following a penalty proceeding, the jury
unanimously recommended death, voting 12-0, for both victims.  After proceeding
on direct appeal and in a series of post-conviction motions, Hannon filed his fourth
and fifth state post-conviction motions, which raised claims based on, among other
things, the retroactive application of Hurst and Chapter 2017-1.  The circuit court

---

[1] In 2016, the Florida legislature amended Florida's death penalty statute to require that a
life sentence be imposed unless the jury unanimously found at least one aggravating factor and at
least ten jurors recommended a death sentence.  2016 Fla. Sess. Law Serv. ch. 2016-13 (West);
see Perry, 210 So. 3d at 638.  The Florida Supreme Court then held that the jury's ultimate
recommendation of the death sentence must be unanimous, and the legislature enacted Chapter
2017-1 to comply with this requirement.  See Fla. Stat. § 921.141; Perry, 210 So. 3d at 639–40.

denied both motions on the merits as to all of his claims, and the Florida Supreme Court affirmed on November 1, 2017.

Hannon filed his current, second-in-time § 2254 petition in the district court on November 2, 2017.[2] He argued that the state court's failure to give retroactive effect to Chapter 2017-1 (the revised version of Florida's capital sentencing statute, Fla. Stat. § 921.141) violated his rights under the Eighth Amendment and the Equal Protection and Due Process Clauses of the Fourteenth Amendment. On November 4, 2017, the district court denied Hannon's petition. The court found that his petition was not barred as "second or successive" under 28 U.S.C. § 2244(b), and therefore it considered his claim on the merits. It held that Hannon was not entitled to relief because the Florida Supreme Court's decision to deny retroactive application of Chapter 2017-1 was not contrary to or an unreasonable application of clearly established federal law under § 2254(d). The district court also denied Hannon a COA. Hannon filed a motion to alter or amend the judgment, which the district court denied. Hannon appealed.

## II. DISCUSSION

Hannon seeks a COA from this Court to address whether the Florida Supreme Court's decision that Chapter 2017-1 does not apply retroactively to his case violates his rights to Due Process and Equal Protection, as well as the Eighth

---

[2] In 2009, this Court affirmed the district court's denial of Hannon's first § 2254 petition. See Hannon v. Sec'y, Dep't of Corr., 562 F.3d 1146, 1148 (11th Cir. 2009).

Amendment's prohibition against cruel and unusual punishment.[3]  To obtain a COA, the applicant must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The petitioner satisfies this requirement by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," or that the issues "deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000) (quotation omitted).

We conclude that no COA is warranted here because Hannon's claim is foreclosed by our decision in Lambrix v. Sec'y, DOC, 872 F.3d 1170 (11th Cir. 2017) (per curiam), cert. denied sub nom. Lambrix v. Jones, __ S. Ct. __, 2017 WL 4456332 (Oct. 5, 2017).  There, we held that jurists of reason would not find debatable the Florida Supreme Court's rejection of the claim that the non-retroactive application of Florida's new sentencing statute violates the Equal Protection Clause, the Due Process Clause, or the Eighth Amendment.  Id. at 1183.

### III. CONCLUSION

The application for a certificate of appealability is **DENIED**.  The motion for stay of execution is **DENIED AS MOOT**.

---

[3] We assume, without deciding, that the district court correctly determined that Hannon's § 2254 petition was not barred as second or successive under 28 U.S.C. § 2244(b).

5

MARTIN, Circuit Judge, concurring:

Patrick Hannon's claim is simple.  The United States Supreme Court and the Florida Supreme Court have identified a constitutional defect in the process that resulted in his death sentence.  See Hurst v. Florida, 577 U.S. __, 136 S. Ct. 616, 619 (2016) (holding Florida's former death penalty sentencing scheme unconstitutional because "[t]he Sixth Amendment requires a jury, not a judge, to find each fact necessary to impose a sentence of death"); Hurst v. State, 202 So. 3d 40, 44 (Fla. 2016) (holding that "in order for the trial court to impose a sentence of death, the jury's recommended sentence of death must be unanimous").  Of course, this defect is quite serious because it concerns Mr. Hannon and others who will lose their lives at the hand of the State.  Indeed, it is so serious that the Florida legislature passed a new law intended to fix this problem in capital sentencing. The new Florida statute requires the jury to unanimously find at least one aggravating factor and to unanimously recommend death in order for a defendant to be sentenced to death.  See Fla. Stat. § 921.141(2)–(3) (2017).  And although the Florida Supreme Court has interpreted the law to give relief to some death row inmates who were sentenced before the effective date of this statute, Mr. Hannon is not among those who get retroactive relief.  Compare Asay v. State, 210 So. 3d 1, 11 (Fla. 2016) (holding that Hurst v. Florida does not apply retroactively to cases that were final before Ring v. Arizona, 536 U.S. 584, 122 S. Ct. 2428 (2002), was

6

decided), with Mosley v. State, 209 So. 3d 1248, 1276 (Fla. 2016) (holding that Hurst applies retroactively to cases that became final after Ring).

The effect of the new statute, and the Florida Supreme Court's retroactivity decisions, is that going forward, people convicted in Florida of the same crime as Mr. Hannon will now have juries deciding important issues related to their sentences. No jury will decide these issues in Mr. Hannon's case, however, only because of the date his conviction and death sentence became final. And in my view, it is arbitrary in the extreme to make this distinction between people on death row based on nothing other than the date when the constitutional defect in their sentence occurred. Indeed I can't imagine what one could say to Mr. Hannon's loved ones to justify why it is acceptable that he falls on the wrong side of this double set of rules.

Mr. Hannon is set to be executed tonight. No one disputes that he was sentenced to death by a process we now recognize as unconstitutional. Neither does anyone dispute that others who were sentenced to death under those same unconstitutional procedures are eligible for resentencing under Florida's new law. The Florida Supreme Court's retroactivity analysis therefore leaves the difference between life and death to turn on "either fatal or fortuitous accidents of timing." Asay, 210 So. 3d at 31 (Lewis, J., concurring in result); see id. at 40 (Perry, J.,

7

dissenting) ("The majority's application of <u>Hurst v. Florida</u> makes constitutional protection depend on little more than a roll of the dice.").

I agree with the majority of this panel that this Court's decision in <u>Lambrix v. Sec'y, DOC</u>, 872 F.3d 1170 (11th Cir. 2017) (per curiam) forecloses Mr. Hannon's ability to get a Certificate of Appealability on this issue. Nevertheless, his impending execution is a stark illustration of the problems with Florida's retroactivity rule. In particular, I cannot fathom why the need to "cur[e] individual injustice" compels retroactive application of <u>Hurst</u> to cases that became final after, but not before, <u>Ring</u>. <u>Mosley</u>, 209 So. 3d at 1282 (quotation omitted). To the contrary, I say finality should yield to fairness, particularly when the State is taking the life of this man based on a death sentence that was unconstitutionally imposed.

8