PER CURIAM.
Michael A. Tanzi appeals an order denying a motion to vacate judgments of conviction, including one of first-degree murder, and a sentence of death under Florida Rule of Criminal Procedure 3.851.[1]
The underlying facts of this case were described in this Court's opinion on direct appeal.
*806 Tanzi v. State , 964 So.2d 106, 110-12 (Fla. 2007). Tanzi pled guilty to the first-degree murder of Janet Acosta. Id. at 111. He carjacked, kidnapped, beat, sexually battered, robbed, and strangled Ms. Acosta. Id. at 110-11. Following a unanimous jury recommendation for death, the trial court sentenced Tanzi to death for Ms. Acosta's murder. Id. at 111. The trial court found seven aggravating factors[2] and ten mitigating circumstances.[3] We affirmed Tanzi's convictions and sentence of death. Id. at 121. We also affirmed the denial of Tanzi's initial postconviction motion and denied relief on his habeas petition. Tanzi v. State , 94 So.3d 482, 497 (Fla. 2012).
In this successive postconviction motion, Tanzi argues that he is entitled to relief pursuant to Hurst v. Florida , --- U.S. ----, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), and Hurst v. State (Hurst ), 202 So.3d 40 (Fla. 2016), cert. denied , --- U.S. ----, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017). We agree with Tanzi that Hurst is applicable in his case. See Mosley v. State , 209 So.3d 1248 (Fla. 2016). However, because we find that the Hurst error in this case is harmless beyond a reasonable doubt, we affirm the denial of postconviction relief. As we stated in Davis v. State , 207 So.3d 142, 175 (Fla. 2016), cert. denied , --- U.S. ----, 137 S.Ct. 2218, 198 L.Ed.2d 663 (2017) :
[T]he jury unanimously found all of the necessary facts for the imposition of death sentences by virtue of its unanimous recommendations. .... The unanimous recommendations here are precisely what we determined in Hurst to be constitutionally necessary to impose a sentence of death.
We reject Tanzi's assertion that the Hurst error was not harmless because the jury was not given a mercy instruction. See Knight v. State , 225 So.3d 661, 683 (Fla. 2017), cert. denied , No. 17-7099, --- U.S. ----, 138 S.Ct. 1285, 200 L.Ed.3d 477, 2018 WL 1369193 (U.S. Mar. 19, 2018).
Additionally, we reject Tanzi's Hurst -induced Caldwell[4] claim. See Reynolds v. State , No. SC17-793, slip op. at 26-36 (Fla. Apr. 5, 2018).
Accordingly, the Hurst violation in this case is harmless beyond a reasonable doubt and, as in Davis , does not entitle Tanzi to relief. Thus, we affirm the denial of postconviction relief.[5]
It is so ordered.
LABARGA, C.J., and PARIENTE, LEWIS, and LAWSON, JJ., concur.
CANADY and POLSTON, JJ., concur in result.
QUINCE, J., dissents with an opinion.

We have jurisdiction. See art. V, § 3(b)(1), Fla. Const.

The trial court found the following aggravating factors: (1) that the murder was committed by a person previously convicted of a felony and under sentence of imprisonment or on felony probation; (2) that the murder was committed during the commission of a kidnapping; (3) that the murder was committed during the commission of two sexual batteries; (4) that the crime was committed for the purpose of avoiding arrest; (5) that the murder was committed for pecuniary gain; (6) that the murder was especially heinous, atrocious, or cruel (HAC); and (7) that the murder was committed in a cold, calculated, and premeditated (CCP) manner. Tanzi , 964 So.2d at 111 n.1. "The court gave each aggravator 'great weight' except the HAC aggravator, which the court gave 'utmost weight.' " Id.

The court found the following mitigating circumstances: (1) that Tanzi suffered from "axis two" personality disorders; (2) that he was institutionalized as a youth; (3) that his behavior benefited from psychotropic drugs; (4) that he lost his father at an early age; (5) that he was sexually abused as a child; (6) that he twice attempted to join the military; (7) that he cooperated with law enforcement; (8) that he assisted inmates by writing letters and that he enjoys reading; (9) that his family has a loving relationship for him; and (10) that he had a history of substance abuse. Tanzi , 964 So.2d at 111 n.1.

Caldwell v. Mississippi , 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985).

We also reject Tanzi's claim that the change in law following Hurst and Perry v. State , 210 So.3d 630 (Fla. 2016), entitles him to have his previously denied postconviction claims revisited.