PER CURIAM.
On September 1, 2017, when Governor Scott rescheduled Lambrix’s execution for October 5, 2017, Lambrix’s eighth successive postconviction motion was pending in the circuit court. The gist of Lambrix’s motion was an attack on the constitutionality of his death sentences based on the *113 jury’s nonunanimous recommendations for death. On September 5, 2017, the circuit court denied Lambrix’s motion. On September 20, 2017, the circuit court denied Lambrix’s motion for rehearing. In light of the pending execution date, we expedited the appeal. Based on our precedent, we affirm the circuit court’s denial of Lam-brix’s eighth successive postconviction motion.
Lambrix challenges the constitutionality of his sentences of death, which were imposed following the jury’s nonunanimous recommendations for death. Specifically, Lambrix claims a right to relief based on the United States Supreme Court’s decision in Hurst v. Florida, — U.S.—, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), and this Court’s opinions in Hurst v. State, 202 So.3d 40 (Fla. 2016), cert. denied, — U.S. —, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017), and Perry v. State, 210 So.3d 630 (Fla. 2016). He argues on appeal that: (1) his sentences of death are unconstitutional under chapter 2017-1, Laws of Florida, which requires a unanimous jury recommendation for death; (2) his former claims of newly discovered evidence must be reconsidered in light of Hurst v. Florida and Hurst; (3) his death sentences violate the Eighth Amendment; and (4) this Court’s decisions regarding the retroactivity of Hurst v. Florida and Hurst violate equal protection.
While it is true that the jury nonunani-mously recommended death for the 1983 murders of the two victims,[1] Lambrix’s sentences were final in 1986. See Lambrix v. State, 217 So.3d 977, 989 (Fla.), petition for cert. filed, No. 17-5539 (U.S. Aug. 9, 2017). In this Court’s 2017 opinion in Lambrix’s case, we held that Lambrix “is not entitled to relief based on Hurst” for the reasons set forth in our opinion in Asay v. State (Asay V), 210 So.3d 1 (Fla. 2016), cert. denied, No. 16-9033, — U.S. —, 138 S.Ct. 41, 198 L.Ed.2d 769, 2017 WL 1807588 (U.S. Aug. 24, 2017). Lambrix, 217 So.3d at 989.
To the extent Lambrix now raises additional claims to relief based on the rights announced in Hurst and Perry—including arguments based on the Eighth Amendment to the United States Constitution, denial of due process and equal protection based on the arbitrariness of this Court’s retroactivity decisions in Asay V and Mosley v. State, 209 So.3d 1248 (Fla. 2016), and a substantive right based on the legislative passage of chapter 2017-1, Laws of Florida, prospectively requiring unanimous verdicts—we reject these arguments based on our recent opinions in Hitchcock v. State, 226 So.3d 216, 2017 WL 3431500 (Fla. Aug. 10, 2017), and Asay v. State (Asay VI), 224 So.3d 695, 2017 WL 3472836 (Fla. Aug. 14, 2017).
For all the reasons set forth in Lambrix, 217 So.3d 977, Hitchcock, and Asay VI, we affirm the circuit court’s denial of Lambrix’s successive postconviction motion.
It is so ordered. No rehearing will be entertained by this Court. The mandate shall issue immediately.
LABARGA, C.J., and LEWIS, CANADY, POLSTON, and LAWSON, JJ., concur.
PARIENTE, J., dissents with an opinion.
QUINCE, J., recused.

. The jury recommended a sentence of death for the murder of Aleisha Bryant by a vote of 10-2 and death for the murder of Clarence Moore, a/k/a Lawrence Lamberson, by a vote of 8-4.