# Supreme Court of Florida

_____

No. SC17-42
_____

**RICHARD EUGENE HAMILTON,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[February 8, 2018]

PER CURIAM.

Richard Eugene Hamilton, a prisoner under sentence of death, appeals the circuit court's orders summarily denying his successive motion for postconviction relief, which was filed under Florida Rule of Criminal Procedure 3.851, and his demands for additional public records, which were filed under Florida Rule of Criminal Procedure 3.852. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

## I. BACKGROUND

Hamilton was convicted of the 1994 first-degree murder, armed sexual battery, armed robbery, and armed kidnapping of Carmen Gayheart. *Hamilton v. State*, 703 So. 2d 1038, 1040 (Fla. 1997), *cert. denied*, 524 U.S. 956 (1998). We

affirmed Hamilton's convictions and sentence of death on direct appeal. *Id.* at 1045. We thereafter affirmed the denial of his initial motion for postconviction relief and denied his petition for a writ of habeas corpus. *Hamilton v. State*, 875 So. 2d 586, 589 (Fla. 2004).

Between January and April 2016, Hamilton filed demands for additional public records under rule 3.852(i) relating to his representation by predecessor postconviction counsel and the judicial candidacy and tenure as a circuit court judge of the Honorable E. Vernon Douglas, who oversaw Hamilton's trial and initial postconviction proceedings. The postconviction court concluded that Hamilton's demands for these additional public records were "of questionable relevance and unlikely to lead to discoverable evidence" and denied the requests.

On June 6, 2016, Hamilton filed a petition in this Court for a writ of habeas corpus, claiming that he was entitled to relief under the United States Supreme Court's decision in *Hurst v. Florida*, 136 S. Ct. 616 (2016). We denied the habeas petition on March 3, 2017, citing *Asay v. State*, 210 So. 3d 1, 22 (Fla. 2016) (holding that *Hurst* does not apply retroactively to sentences of death that became final before the Supreme Court issued its 2002 decision in *Ring v. Arizona*, 536 U.S. 584 (2002)), *cert. denied*, 138 S. Ct. 41 (2017). *Hamilton v. Jones*, No. SC16-984, 2017 WL 836807, at *1 (Fla. Mar. 3, 2017).

On August 24, 2016, while Hamilton's petition for a writ of habeas corpus was still pending in this Court, Hamilton filed a successive postconviction motion in the circuit court. In his successive motion, Hamilton argued that (1) he is entitled to a new postconviction proceeding due to the institutional failure of the trial court, the State, and the Florida Supreme Court that resulted in a violation of his state and federal constitutional rights and (2) his death sentence is unconstitutional under *Hurst v. Florida*. The postconviction court summarily denied the successive motion, concluding that it was "untimely as it was submitted eighteen years after the mandate issued and that none of the three articulated exceptions [in rule 3.851] apply." Hamilton now appeals the denial of his successive postconviction motion and the denial of his demands for additional public records.

## II. ANALYSIS

### A. Successive Motion

A motion for postconviction relief must be filed within one year of the date the defendant's conviction and sentence become final. Fla. R. Crim. P. 3.851(d)(1). Hamilton's convictions and sentences became final when the United States Supreme Court denied certiorari review of the direct appeal proceedings on June 26, 1998. *Hamilton v. Florida*, 524 U.S. 956 (1998); *see* Fla. R. Crim. P. 3.851(d)(1)(B) ("For the purposes of this rule, a judgment is final . . . on the

disposition of the petition for writ of certiorari by the United States Supreme

Court, if filed."). The one-year time limitation therefore expired in 1999.

There are exceptions to the one-year time limitation for motions alleging:

> (A) the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, or

> (B) the fundamental constitutional right asserted was not established within the period provided for in subdivision (d)(1) and has been held to apply retroactively, or

> (C) postconviction counsel, through neglect, failed to file the motion.

Fla. R. Crim. P. 3.851(d)(2). Hamilton argues that his *Hurst* claim was timely

because it was raised within one year of the Supreme Court's decision in *Hurst v.*

*Florida*, but Hamilton is incorrect. The relevant time in which to file a claim based

on a new fundamental constitutional right is one year from the date of the decision

announcing that the right applies retroactively. *See Dixon v. State*, 730 So. 2d 265,

267 (Fla. 1999) (stating that the basis for calculating a cut-off period for

postconviction claims based on a fundamental constitutional right is the date of the

issuance of the mandate in the case in which this Court announces retroactivity).

But *Hurst* has never been held to be retroactive to defendants in Hamilton's

position. To the contrary, we have expressly held that *Hurst* does not apply

retroactively to defendants whose convictions and sentences were final prior to the

- 4 -

issuance of *Ring* in 2002. *Hitchcock v. State*, 226 So. 3d 216, 217 (Fla.), *cert. denied*, 138 S. Ct. 513 (2017); *Asay*, 210 So. 3d at 22.

Accordingly, because Hamilton's successive motion was filed after the expiration of the one-year time limitation and none of the exceptions to the one-year time limitation in rule 3.851(d)(2) are applicable to either of the claims raised by Hamilton in his successive postconviction motion, the postconviction court properly denied the successive motion as untimely. *See* Fla. R. Crim. P. 3.851(d)(2) (stating that no motion filed beyond the one-year time limitation shall be considered unless it alleges that one of the three exceptions to the one-year time bar applies).

### B. Demands for Additional Public Records

We review the denial of motions for additional public records made under rule 3.852 for an abuse of discretion. *Pardo v. State*, 108 So. 3d 558, 565 (Fla. 2012). Under rule 3.852(i), a

> trial court may order a person or agency to produce additional public records only upon finding each of the following:
>
> (A) collateral counsel has made a timely and diligent search of the records repository;
>
> (B) collateral counsel's affidavit identifies with specificity those additional public records that are not at the records repository;
>
> (C) the additional public records sought are either relevant to the subject matter of a proceeding under rule 3.851 or appear reasonably calculated to lead to the discovery of admissible evidence; and

(D) the additional public records request is not overly broad or unduly burdensome.

Fla. R. Crim. P. 3.852(i)(2). We have held that circuit courts have discretion to deny public records requests that are "overly broad, of questionable relevance, and unlikely to lead to discoverable evidence," *Moore v. State*, 820 So. 2d 199, 204 (Fla. 2002), and that "a defendant bears the burden of demonstrating that the records sought relate to a colorable claim for postconviction relief," *Chavez v. State*, 132 So. 3d 826, 829 (Fla. 2014) (citing *Mann v. State*, 112 So. 3d 1158, 1163 (Fla. 2013)).

Here the trial court made a specific finding that Hamilton's requests were "of questionable relevance and unlikely to lead to discoverable evidence." Hamilton does not explain why he believes the trial court abused its discretion in denying his requests; he appears to simply disagree with the trial court's conclusion. We find no abuse of discretion in the denial of the requests and conclude that Hamilton has failed to meet his burden to demonstrate that the records sought relate to a colorable claim for postconviction relief. Hamilton is therefore not entitled to relief on this claim.

## III. CONCLUSION

For these reasons, we affirm the circuit court's orders denying Hamilton's successive motion for postconviction relief and denying his demands for additional public records.

It is so ordered.

LABARGA, C.J., and LEWIS, POLSTON, and LAWSON, JJ., concur.
QUINCE and CANADY, JJ., concur in result.
PARIENTE, J., dissents with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

PARIENTE, J., dissenting.

I dissent because I would grant Hamilton a new penalty phase in light of *Hurst*.[1]  Also, I write to address the majority's discussion and denial of relief based on timeliness, which is both unnecessary and, more importantly, relies on reasoning that is legally unsound.  In my previous dissents, I have explained why fundamental fairness dictates that all capital defendants should be provided a new penalty phase pursuant to *Hurst* where there is a nonunanimous jury recommendation for death.[2]

Hamilton was sentenced to death after the jury recommended a sentence of death by a vote of ten to two.  *Hamilton v. State*, 703 So. 2d 1038, 1040 (Fla.

---

1.  *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017); *see Hurst v. Florida*, 136 S. Ct. 616 (2016).

2.  *Hannon v. State*, 228 So. 3d 505, 514 (Fla. 2017) (Pariente, J., dissenting); *Lambrix v. State*, 227 So. 3d 112, 114-15 (Fla. 2017) (Pariente, J., dissenting); *Asay v. State* (*Asay VI*), 224 So. 3d 695, 703-09 (Fla. 2017) (Pariente, J., dissenting); *Hitchcock v. State*, 226 So. 3d 216, 220-23 (Fla.) (Pariente, J., dissenting), *cert. denied*, 138 S. Ct. 513 (2017); *see also Asay v. State* (*Asay V*), 210 So. 3d 1, 32-37 (Fla. 2016) (Pariente, J., concurring in part and dissenting in part), *cert. denied*, 138 S. Ct. 41 (2017).

1997), *cert. denied*, 524 U.S. 956 (1998).  His sentence became final in 1998.  *Id.*  I would apply *Hurst* retroactively to Hamilton's sentence and, based on the jury's nonunanimous recommendation for death, would vacate the sentence of death and grant a new penalty phase.  I note that this Court already denied Hamilton's prior petition for a writ of habeas corpus requesting *Hurst* relief, where I concurred in result based on this Court's precedent in *Asay V*.  *Hamilton v. Jones*, No. SC16-984, 2017 WL 836807 (Fla. order issued Mar. 3, 2017).  However, since *Asay V*, this Court has further denied the retroactive application of *Hurst* to pre-2002 defendants without properly addressing defendants' Eighth Amendment claims and allowed three executions to proceed; I have dissented from all of those decisions.[3]

Over and over, the United States Supreme Court and this Court have made clear that "the critical linchpin of the constitutionality of the death penalty is that it be imposed in a reliable and not arbitrary manner."  *Asay VI*, 224 So. 3d at 708 & n.8 (Pariente, J., dissenting) (citing *Gregg v. Georgia*, 428 U.S. 153, 188 (1976); *Glossip v. Gross*, 135 S. Ct. 2726, 2760-62 (2015) (Breyer, J., dissenting)); *accord Hurst*, 202 So. 3d at 59-60; *see generally Furman v. Georgia*, 408 U.S. 238 (1972).  As I have expressed several times, the Court's retroactivity cut-off of *Ring v. Arizona*, 536 U.S. 584 (2002), results in unconstitutional arbitrariness in the

---

3.  *See Hannon*, 228 So. 3d at 514 (Pariente, J., dissenting); *Lambrix*, 227 So. 3d at 114-15 (Pariente, J., dissenting); *Asay VI*, 224 So. 3d at 703-09 (Pariente, J., dissenting); *Hitchcock*, 226 So. 3d at 220-23 (Pariente, J., dissenting).

imposition of the death penalty.  Likewise, Judge Martin of the United States Court of Appeals for the Eleventh Circuit recently stated that "it is arbitrary in the extreme to [distinguish] between people on death row based on nothing other than the date when the constitutional defect in their sentence occurred." *Hannon v. Sec'y, Fla. Dept. of Corrs.*, No. 17-14935, 2017 WL 5177614, at *3 (11th Cir. Nov. 8, 2017) (Martin, J., concurring).

Comparing Hamilton's case with death row inmate Charles Anderson's, for example, demonstrates this unconstitutional arbitrariness.  The crimes for which Charles Anderson was sentenced to death occurred on January 16, 1994, three months before the crimes in Hamilton's case. *Anderson v. State*, 841 So. 2d 390, 395 (Fla. 2003).  While Hamilton's sentence became final in 1998, Anderson's sentence did not become final until 2003.  Thus, Anderson received *Hurst* relief, whereas Hamilton is not even entitled to review of this claim, as the per curiam opinion concludes. *Anderson v. State*, 220 So. 3d 1133, 1150 (Fla. 2017).

Like most defendants whose death sentences have been reviewed by this Court since *Hurst v. Florida* and *Hurst*, Hamilton also raises a claim for relief pursuant to *Caldwell v. Mississippi*, 472 U.S. 320 (1985).  In *Caldwell*, the United States Supreme Court held that it is "constitutionally impermissible to rest a death sentence on a determination made by a sentencer who has been led to believe that

the responsibility for determining the appropriateness of the defendant's death rests elsewhere." 472 U.S. at 328-29. The Court explained:

> In evaluating the various procedures developed by States to determine the appropriateness of death, this Court's Eighth Amendment jurisprudence has taken as a given that capital sentencers would view their task as the serious one of determining whether a specific human being should die at the hands of the State. . . . Belief in the truth of the assumption that sentencers treat their power to determine the appropriateness of death as an "awesome responsibility" has allowed this Court to view sentencer discretion as consistent with—and indeed as indispensable to—the Eighth Amendment's "need for reliability in the determination that death is the appropriate punishment in a specific case." *Woodson v. North Carolina*, [428 U.S.] at 305 (plurality opinion).
> . . . .
> In the capital sentencing context there are specific reasons to fear substantial unreliability as well as bias in favor of death sentences when there are state-induced suggestions that the sentencing jury may shift its sense of responsibility to an appellate court.
> . . . .
> This Court has always premised its capital punishment decisions on the assumption that a capital sentencing jury recognizes the gravity of its task and proceeds with the appropriate awareness of its "truly awesome responsibility." In this case, the State sought to minimize the jury's sense of responsibility for determining the appropriateness of death. *Because we cannot say that this effort had no effect on the sentencing decision, that decision does not meet the standard of reliability that the Eighth Amendment requires*.

*Id.* at 329-41 (emphasis added). Based on this lack of reliability, the Supreme

Court vacated the sentence of death. *Id.* at 341.

Florida's pre-*Hurst* jury instructions referred to the advisory nature of the

jury's recommendation over a dozen times. *See* Fla. Std. Jury Instr. (Crim.) 7.11

(2016). Further, the jury was only required to make a recommendation between

- 10 -

life or death to the trial court, which then held the ultimate responsibility of making the requisite factual findings and determining the appropriate sentence. Thus, it was made abundantly clear to the jury that they were not responsible for rendering the final sentencing decision. *Caldwell*, which was decided seventeen years before *Ring*, further supports the conclusion that defendants whose sentences were imposed after a jury nonunanimously recommended a sentence of death should be eligible for *Hurst* relief to avoid unconstitutional arbitrariness and ensure reliability in imposing the death penalty.

Finally, as to the timeliness of Hamilton's motion, the per curiam opinion concludes that "the expiration of the one-year time limitation" for Hamilton to file his motion under Florida Rule of Criminal Procedure 3.851 expired in 1999, "and none of the exceptions to the one-year limitation in rule 3.851(d)(2) are applicable to either of the claims" he raises in his motion. Per curiam op. at 5. However, this conclusion is inaccurate in light of *Hurst v. Florida* and *Hurst*.

The United States Supreme Court decided *Hurst v. Florida* on January 12, 2016, establishing a "fundamental constitutional right." Fla. R. Crim. P. 3.851(d)(2)(B). Hamilton filed the motion at issue on August 24, 2016—before this Court's decision in *Hurst* on October 14, 2016, and before this Court's decisions in *Asay V* and *Mosley v. State*, 209 So. 3d 1248 (Fla. 2016), regarding the retroactivity of *Hurst v. Florida* and *Hurst*. *See* per curiam op. at 3. In fact, at a

- 11 -

case management hearing in November 2016—before *Asay V* and *Mosley*—the defense moved for a continuance in anticipation of this Court's ruling regarding the retroactivity of the *Hurst* decision. The circuit court denied the continuance and denied Hamilton's successive postconviction motion as untimely.

Based on the date of the United States Supreme Court's decision in *Hurst v. Florida* and the circuit court's denial of Hamilton's request for a continuance to wait for this Court's ruling on retroactivity, Hamilton's motion was well within the one-year time period for filing a claim under rule 3.851 based on "the fundamental constitutional right" announced in *Hurst v. Florida*, which "was not established within" the one-year time limitation that expired in 1999. Fla. R. Crim. P. 3.851(d)(2)(B). This Court cannot determine that Hamilton's motion was untimely now that it knows it denied retroactive application of *Hurst* to cases like Hamilton's when the motion was filed and heard by the circuit court before retroactivity was denied.

## CONCLUSION

Hamilton should not be denied relief of the fundamental constitutional right announced in *Hurst v. Florida* and *Hurst* based on untimeliness. Further, to ensure reliability and protect Hamilton's fundamental constitutional rights, I would apply *Hurst* retroactively to his sentence and reverse for a new penalty phase based on the jury's nonunanimous recommendation for death. Accordingly, I dissent.

An Appeal from the Circuit Court in and for Hamilton County,
David William Fina, Judge - Case No. 241994CF000150CFAXMX

Robert S. Friedman, Capital Collateral Regional Counsel, Karin L. Moore and Stacy R. Biggart, Assistant Capital Collateral Regional Counsel, Northern Region, Tallahassee, Florida,

for Appellant

Pamela Jo Bondi, Attorney General, and Jennifer L. Keegan, Assistant Attorney General, Tallahassee, Florida,

for Appellee

Billy H. Nolas, Chief, Capital Habeas Unit, Office of the Federal Public Defender, Northern District of Florida, Tallahassee, Florida,

Amicus Curiae The Capital Habeas Unit of the Office of the Federal Public Defender for the Northern District of Florida