PARIENTE, J., dissenting.
I dissent because I would grant Hamilton a new penalty phase in light of Hurst .[1] Also, I write to address the majority's discussion and denial of relief based on timeliness, which is both unnecessary and, more importantly, relies on reasoning that is legally unsound. In my previous dissents, I have explained why fundamental fairness dictates that all capital defendants *280 should be provided a new penalty phase pursuant to Hurst where there is a nonunanimous jury recommendation for death.[2]
Hamilton was sentenced to death after the jury recommended a sentence of death by a vote of ten to two. Hamilton v. State , 703 So.2d 1038, 1040 (Fla. 1997), cert. denied , 524 U.S. 956, 118 S.Ct. 2377, 141 L.Ed.2d 744 (1998). His sentence became final in 1998. Id. I would apply Hurst retroactively to Hamilton's sentence and, based on the jury's nonunanimous recommendation for death, would vacate the sentence of death and grant a new penalty phase. I note that this Court already denied Hamilton's prior petition for a writ of habeas corpus requesting Hurst relief, where I concurred in result based on this Court's precedent in Asay V . Hamilton v. Jones , No. SC16-984, 2017 WL 836807 (Fla. order issued Mar. 3, 2017). However, since Asay V , this Court has further denied the retroactive application of Hurst to pre-2002 defendants without properly addressing defendants' Eighth Amendment claims and allowed three executions to proceed; I have dissented from all of those decisions.[3]
Over and over, the United States Supreme Court and this Court have made clear that "the critical linchpin of the constitutionality of the death penalty is that it be imposed in a reliable and not arbitrary manner." Asay VI , 224 So.3d at 708 & n.8 (Pariente, J., dissenting) (citing Gregg v. Georgia , 428 U.S. 153, 188, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976) ; Glossip v. Gross , ---U.S. ----, 135 S.Ct. 2726, 2760-62, 192 L.Ed.2d 761 (2015) (Breyer, J., dissenting) ); accord Hurst , 202 So.3d at 59-60 ; see generally Furman v. Georgia , 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). As I have expressed several times, the Court's retroactivity cut-off of Ring v. Arizona , 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), results in unconstitutional arbitrariness in the imposition of the death penalty. Likewise, Judge Martin of the United States Court of Appeals for the Eleventh Circuit recently stated that "it is arbitrary in the extreme to [distinguish] between people on death row based on nothing other than the date when the constitutional defect in their sentence occurred." Hannon v. Sec'y, Fla. Dept. of Corrs. , No. 17-14935, --- Fed.Appx. ----, ----, 2017 WL 5177614, at *3 (11th Cir. Nov. 8, 2017) (Martin, J., concurring).
Comparing Hamilton's case with death row inmate Charles Anderson's, for example, demonstrates this unconstitutional arbitrariness. The crimes for which Charles Anderson was sentenced to death occurred on January 16, 1994, three months before the crimes in Hamilton's case. Anderson v. State , 841 So.2d 390, 395 (Fla. 2003). While Hamilton's sentence became final in 1998, Anderson's sentence did not become final until 2003. Thus, Anderson received Hurst relief, whereas Hamilton is not even entitled to review of this claim, as the per curiam opinion concludes. Anderson v. State , 220 So.3d 1133, 1150 (Fla. 2017).
*281 Like most defendants whose death sentences have been reviewed by this Court since Hurst v. Florida and Hurst , Hamilton also raises a claim for relief pursuant to Caldwell v. Mississippi , 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985). In Caldwell , the United States Supreme Court held that it is "constitutionally impermissible to rest a death sentence on a determination made by a sentencer who has been led to believe that the responsibility for determining the appropriateness of the defendant's death rests elsewhere." 472 U.S. at 328-29, 105 S.Ct. 2633. The Court explained:
In evaluating the various procedures developed by States to determine the appropriateness of death, this Court's Eighth Amendment jurisprudence has taken as a given that capital sentencers would view their task as the serious one of determining whether a specific human being should die at the hands of the State. ... Belief in the truth of the assumption that sentencers treat their power to determine the appropriateness of death as an "awesome responsibility" has allowed this Court to view sentencer discretion as consistent with-and indeed as indispensable to-the Eighth Amendment's "need for reliability in the determination that death is the appropriate punishment in a specific case." Woodson v. North Carolina , [428 U.S. 280] at 305 [96 S.Ct. 2978, 49 L.Ed.2d 944 (1976) ] (plurality opinion).
....
In the capital sentencing context there are specific reasons to fear substantial unreliability as well as bias in favor of death sentences when there are state-induced suggestions that the sentencing jury may shift its sense of responsibility to an appellate court.
....
This Court has always premised its capital punishment decisions on the assumption that a capital sentencing jury recognizes the gravity of its task and proceeds with the appropriate awareness of its "truly awesome responsibility." In this case, the State sought to minimize the jury's sense of responsibility for determining the appropriateness of death. Because we cannot say that this effort had no effect on the sentencing decision, that decision does not meet the standard of reliability that the Eighth Amendment requires .
Id. at 329-41, 105 S.Ct. 2633 (emphasis added). Based on this lack of reliability, the Supreme Court vacated the sentence of death. Id. at 341, 105 S.Ct. 2633.
Florida's pre- Hurst jury instructions referred to the advisory nature of the jury's recommendation over a dozen times. See Fla. Std. Jury Instr. (Crim.) 7.11 (2016). Further, the jury was only required to make a recommendation between life or death to the trial court, which then held the ultimate responsibility of making the requisite factual findings and determining the appropriate sentence. Thus, it was made abundantly clear to the jury that they were not responsible for rendering the final sentencing decision. Caldwell , which was decided seventeen years before Ring , further supports the conclusion that defendants whose sentences were imposed after a jury nonunanimously recommended a sentence of death should be eligible for Hurst relief to avoid unconstitutional arbitrariness and ensure reliability in imposing the death penalty.
Finally, as to the timeliness of Hamilton's motion, the per curiam opinion concludes that "the expiration of the one-year time limitation" for Hamilton to file his motion under Florida Rule of Criminal Procedure 3.851 expired in 1999, "and none of the exceptions to the one-year limitation *282 in rule 3.851(d)(2) are applicable to either of the claims" he raises in his motion. Per curiam op. at 278. However, this conclusion is inaccurate in light of Hurst v. Florida and Hurst .
The United States Supreme Court decided Hurst v. Florida on January 12, 2016, establishing a "fundamental constitutional right." Fla. R. Crim. P. 3.851(d)(2)(B). Hamilton filed the motion at issue on August 24, 2016-before this Court's decision in Hurst on October 14, 2016, and before this Court's decisions in Asay V and Mosley v. State , 209 So.3d 1248 (Fla. 2016), regarding the retroactivity of Hurst v. Florida and Hurst . See per curiam op. at 278-79. In fact, at a case management hearing in November 2016-before Asay V and Mosley -the defense moved for a continuance in anticipation of this Court's ruling regarding the retroactivity of the Hurst decision. The circuit court denied the continuance and denied Hamilton's successive postconviction motion as untimely.
Based on the date of the United States Supreme Court's decision in Hurst v. Florida and the circuit court's denial of Hamilton's request for a continuance to wait for this Court's ruling on retroactivity, Hamilton's motion was well within the one-year time period for filing a claim under rule 3.851 based on "the fundamental constitutional right" announced in Hurst v. Florida , which "was not established within" the one-year time limitation that expired in 1999. Fla. R. Crim. P. 3.851(d)(2)(B). This Court cannot determine that Hamilton's motion was untimely now that it knows it denied retroactive application of Hurst to cases like Hamilton's when the motion was filed and heard by the circuit court before retroactivity was denied.
CONCLUSION
Hamilton should not be denied relief of the fundamental constitutional right announced in Hurst v. Florida and Hurst based on untimeliness. Further, to ensure reliability and protect Hamilton's fundamental constitutional rights, I would apply Hurst retroactively to his sentence and reverse for a new penalty phase based on the jury's nonunanimous recommendation for death. Accordingly, I dissent.

Hurst v. State (Hurst ), 202 So.3d 40 (Fla. 2016), cert. denied , --- U.S. ----, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017) ; see Hurst v. Florida , --- U.S. ----, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016).

Hannon v. State , 228 So.3d 505, 514 (Fla. 2017) (Pariente, J., dissenting); Lambrix v. State , 227 So.3d 112, 114-15 (Fla. 2017) (Pariente, J., dissenting); Asay v. State (Asay VI ), 224 So.3d 695, 703-09 (Fla. 2017) (Pariente, J., dissenting); Hitchcock v. State , 226 So.3d 216, 220-23 (Fla.) (Pariente, J., dissenting), cert. denied , --- U.S. ----, 138 S.Ct. 513, 199 L.Ed.2d 396 (2017) ; see also Asay v. State (Asay V ), 210 So.3d 1, 32-37 (Fla. 2016) (Pariente, J., concurring in part and dissenting in part), cert. denied , --- U.S. ----, 138 S.Ct. 41, 198 L.Ed.2d 769 (2017).

See Hannon , 228 So.3d at 514 (Pariente, J., dissenting); Lambrix , 227 So.3d at 114-15 (Pariente, J., dissenting); Asay VI , 224 So.3d at 703-09 (Pariente, J., dissenting); Hitchcock , 226 So.3d at 220-23 (Pariente, J., dissenting).