# Supreme Court of Florida

_____

No. SC17-2272
_____

**JOSE ANTONIO JIMENEZ,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[June 28, 2018]

PER CURIAM.

We have for review Jose Antonio Jimenez's appeal of the circuit court's order denying Jimenez's motion filed pursuant to Florida Rule of Criminal Procedure 3.851. This Court has jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

Jimenez's motion sought relief pursuant to the United States Supreme Court's decision in *Hurst v. Florida*, 136 S. Ct. 616 (2016), and our decision on remand in *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017). Jimenez responded to this Court's order to show cause arguing why *Hitchcock v. State*, 226 So. 3d 216 (Fla.), *cert. denied*, 138 S. Ct. 513 (2017), should not be dispositive in this case.

After reviewing Jimenez's response to the order to show cause, as well as the State's arguments in reply, we conclude that Jimenez is not entitled to relief. Jimenez was sentenced to death following a jury's unanimous recommendation for death. *Jimenez v. State*, 703 So. 2d 437, 438 (Fla. 1997). His sentence of death became final in 1998. *Jimenez v. Florida*, 523 U.S. 1123 (1998). Thus, *Hurst* does not apply retroactively to Jimenez's sentence of death. *See Hitchcock*, 226 So. 3d at 217. Accordingly, we affirm the denial of Jimenez's motion.

The Court having carefully considered all arguments raised by Jimenez, we caution that any rehearing motion containing reargument will be stricken. It is so ordered.

LABARGA, C.J., and LEWIS, QUINCE, POLSTON, and LAWSON, JJ., concur.
PARIENTE, J., concurs in result with an opinion.
CANADY, J., concurs in result.

PARIENTE, J., concurring in result.

I concur in result because I recognize that this Court's opinion in *Hitchcock v. State*, 226 So. 3d 216 (Fla.), *cert. denied*, 138 S. Ct. 513 (2017), is now final. However, I continue to adhere to the views expressed in my dissenting opinion in *Hitchcock*. *Id.* at 220-23 (Pariente, J., dissenting). Of course, if *Hurst*[1] applied to Jimenez's case, he would not be entitled to relief based on the jury's unanimous

---

1. *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017).

recommendation for death, coupled with the absence of any stricken aggravating factors. *Jimenez v. State*, 703 So. 2d 437 (Fla. 1997); *See Davis v. State*, 207 So. 3d 142, 174-75 (Fla. 2016).

An Appeal from the Circuit Court in and for Miami-Dade County,
    Richard L. Hersch, Judge - Case No. 131992CF0341560001XX

Martin J. McClain of McClain & McDermott, P.A., Wilton Manors, Florida,

    for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Donna M. Perry, Assistant Attorney General, West Palm Beach, Florida,

    for Appellee