# Supreme Court of Florida

_____

No. SC17-1385
_____

**HARRY JONES,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

October 15, 2018

PER CURIAM.

Harry Jones, a prisoner under sentence of death, appeals the circuit court's order summarily denying his successive motion for postconviction relief, which was filed under Florida Rule of Criminal Procedure 3.851. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

Jones was convicted of the 1991 first-degree murder of George Wilson Young, Jr. *Jones v. State*, 648 So. 2d 669, 672-73 (Fla. 1994), *cert. denied*, 515 U.S. 1147 (1995). The jury recommended a death sentence by a vote of ten to two, and the trial judge followed the jury's recommendation and imposed a sentence of death. *Id.* at 673. We affirmed Jones's conviction and death sentence on direct

appeal. *Id.* at 680. Jones's sentence became final in 1995 when the United States Supreme Court denied certiorari review. *See* Fla. R. Crim. P. 3.851(d)(1)(B) (stating that for the purposes of filing postconviction claims under rule 3.851, a judgment and sentence become final on the disposition of the petition for writ of certiorari by the United States Supreme Court, if filed).

In 2008, we affirmed the denial of Jones's initial motion for postconviction relief and denied his petition for a writ of habeas corpus. *Jones v. State*, 998 So. 2d 573 (Fla. 2008). In 2010, we affirmed the summary denial of Jones's 2005 supplemental and 2007 successive postconviction claims. *Jones v. State*, 53 So. 3d 230 (Fla. 2010). In 2016, Jones filed a successive habeas petition in this Court raising a claim based on *Hurst v. Florida*, 136 S. Ct. 616 (2016). On March 17, 2017, we denied the habeas petition. *Jones v. Jones*, No. SC16-607, 2017 WL 1034410 (Fla. Mar. 17, 2017). On January 11, 2017, despite having a habeas petition pending in this Court, Jones filed a successive motion for postconviction relief in the trial court raising four claims based on *Hurst v. Florida* and *Hurst v. State*, 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017). After this Court denied Jones's *Hurst*-related habeas petition on March 17, 2017, the trial court denied his pending successive postconviction motion. This appeal follows. During the pendency of this case in this Court, we directed the parties to file briefs addressing why the circuit court's order should not be affirmed based on our

precedent in *Hitchcock v. State*, 226 So. 3d 216, 217 (Fla.), *cert. denied*, 138 S. Ct. 513 (2017), and we directed further briefing of Jones's non-*Hurst*-related issues.

In *Hitchcock*, we held that "our decision in *Asay*[ *v. State*, 210 So. 3d 1, 22 (Fla. 2016), *cert. denied*, 138 S. Ct. 41 (2017),] forecloses relief" under *Hurst* for defendants whose convictions and sentences were final prior to the United States Supreme Court's decision in *Ring v. Arizona*, 536 U.S. 584 (2002). *See also Lambrix v. State*, 227 So. 3d 112, 113 (Fla.) (rejecting Lambrix's argument that the Eighth Amendment, equal protection, and due process require that *Hurst* be applied retroactively to Lambrix even though his sentences were final prior to *Ring*), *cert. denied*, 138 S. Ct. 312 (2017). Thus, because his sentence became final prior to *Ring*, Jones is not entitled to *Hurst* relief.

Nor is Jones entitled to relief on his other claims. Jones's claim that his death sentence violates *Caldwell v. Mississippi*, 472 U.S. 320 (1985), and the Eighth Amendment is foreclosed by our recent decision in *Reynolds v. State*, 2018 WL 1633075, 43 Fla. L. Weekly S163, S167-68 (Fla. Apr. 5, 2018), in which we held that "a *Caldwell* claim based on the rights announced in *Hurst* and *Hurst v. Florida* cannot be used to retroactively invalidate the jury instructions that were proper at the time under Florida law" (citing *Romano v. Oklahoma*, 512 U.S. 1, 9 (1994)). And Jones's argument that his previously rejected newly discovered evidence claim should be revisited in light of our decision in *Mosley v. State*, 209

So. 3d 1248 (Fla. 2016), requiring that in capital sentencing proceedings conducted after *Ring* was decided in 2002, the jury must return a unanimous death recommendation before a sentence of death may be imposed, is also foreclosed by our recent decision in *Walton v. State*, 246 So. 3d 246, 249 (Fla. 2018). In *Walton*, we concluded that such a claim was meritless and held that a proper cumulative analysis of newly discovered evidence does not require consideration of changes in the law that might apply if a new trial were granted. Thus, Jones is not entitled to relief on this claim.

Accordingly, we affirm the circuit court's order summarily denying Jones's successive motion for postconviction relief.

It is so ordered.

LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.
CANADY, C.J., concurs in result.
PARIENTE, J., concurs in result with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

PARIENTE, J., concurring in result.

I concur in result because I recognize that this Court's opinion in *Hitchcock v. State*, 226 So. 3d 216 (Fla.), *cert. denied*, 138 S. Ct. 513 (2017), is now final. However, I continue to adhere to the views expressed in my dissenting opinion in

*Hitchcock* that *Hurst*[1] should apply retroactively to cases like Jones's. *Id.* at 220-23 (Pariente, J., dissenting). Applying *Hurst* to Jones's case, I would grant a new penalty phase based on the jury's nonunanimous recommendation for death by a vote of ten to two. Per curiam op. at 1.

An Appeal from the Circuit Court in and for Leon County,
    Angela C. Dempsey, Judge - Case No. 371991CF001932AXXXXX

Linda McDermott of McClain & McDermott, P.A., Estero, Florida,

    for Appellant

Pamela Jo Bondi, Attorney General, and Charmaine M. Millsaps, Assistant
Attorney General, Tallahassee, Florida,

    for Appellee

---

1. *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017).