# Supreme Court of Florida

WEDNESDAY, DECEMBER 12, 2018

**CASE NO.: SC18-1999**
Lower Tribunal No(s).:
131992CF0341560001XX

JOSE ANTONIO JIMENEZ          vs.     JULIE L. JONES, ETC.

Petitioner(s)                              Respondent(s)

Jose Antonio Jimenez, a prisoner under sentence of death and under an active death warrant, has filed a petition for writ of habeas corpus arguing that an amendment to article X, section 9 of the Florida Constitution, which was approved by the voters of Florida on November 6, 2018, entitles him to vacatur of his death sentence or resentencing under chapters 2016-13 and 2017-1, Laws of Florida, which revised section 921.141, Florida Statutes. He also requests a stay of his execution so that this Court can consider this claim.

Jimenez is not entitled to relief on this claim for two reasons. First, this amendment will not go into effect until January 8, 2019. *See* art. XI, § 5(e), Fla. Const. ("Unless otherwise specifically provided for elsewhere in this constitution, if the proposed amendment or revision is approved by vote of at least sixty percent of the electors voting on the measure, it shall be effective as an amendment to or revision of the constitution of the state on the first Tuesday after the first Monday in January following the election, or on such other date as may be specified in the amendment or revision."). Second, even if the amendment were in effect, it does not change the law applicable to Jimenez's conviction of first-degree murder and sentence of death.

Once amended in accordance with the November 2018 election, article X, section 9 will provide as follows: "Repeal of a criminal statute shall not affect prosecution for any crime committed before such repeal." This language has no application to Jimenez's case. No applicable criminal statute has been repealed, and, more importantly, Jimenez's convictions and sentence of death were final many years ago. *Jimenez v. State*, 703 So. 2d 437, 438 (Fla. 1997), *cert. denied*, 523 U.S. 1123 (1998).

Jimenez's argument hinges on the novel assertion that the repeal of a constitutional prohibition mandates affirmative application of the action previously prohibited. It does not. Prior to its recent amendment, article X, section 9, prohibited the Legislature not just from making the repeal of a statute retroactive, but also from making an amendment to a criminal statute applicable to pending prosecutions or sentences. That prohibition will be removed effective January 8, 2019, meaning that there will no longer be any provision in the Florida Constitution that would prohibit the Legislature from applying an amended criminal statute retroactively to pending prosecutions or sentences. However, nothing in our constitution does or will require the Legislature to do so, and the repeal of the prohibition will not require that they do so. Moreover, the Legislature did not attempt to apply chapters 2016-13 and 2017-1 retroactively, and we have already rejected Jimenez's argument that chapters 2016-13 and 2017-1 apply retroactively to his case. *Jimenez v. State*, 247 So. 3d 395 (Fla. 2018), *cert. denied*, No. 18-6115, 2018 WL 4681996 (U.S. Dec. 3, 2018). Therefore, the constitutional amendment to article X, section 9, approved by the voters on November 6, 2018, would not afford Jimenez relief even if it had already gone into effect.

Jimenez also re-raises claims previously rejected by this Court, contending that the amendment approved by the voters on November 6, 2018, justifies our reconsideration of them. We disagree. First, Jimenez once again contends chapters 2016-13 and 2017-1 created a new substantive offense of capital first-degree murder, which entitles him to application of those provisions to his case as a matter of due process. Jimenez made this argument in response to this Court's order to show cause in case number SC17-2272. We rejected this argument, explaining that *Hurst v. Florida*, 136 S. Ct. 616 (2016), as interpreted in our decision on remand in *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017), "does not apply retroactively to Jimenez's sentence of death." *Jimenez*, 247 So. 3d at 396 (citing *Hitchcock v. State*, 226 So. 3d 216 (Fla. 2017), *cert. denied*, 138 S. Ct. 513 (2017)). We have more recently addressed the argument in more detail, and rejected it, in *Foster v. State*, No. SC18-860, 2018 WL 6379348, at *4 (Fla. Dec. 6, 2018). Second, Jimenez argues that failure to apply chapters 2016-13 and 2017-1 to his case is arbitrary, in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment, when his case is compared to the cases of other defendants who have been granted new penalty-phase proceedings for crimes that occurred before the 1992 murder for

which Jimenez has been sentenced to death. He raised these arguments in response to this Court's order to show cause in case number SC17-2272 as well. We rejected them when we held that *Hurst* does not apply retroactively to Jimenez's sentence of death. 247 So. 2d at 396. We also rejected these arguments when they were raised in *Lambrix v. State*, 227 So. 3d 112, 113 (Fla. 2017) (rejecting claims that this Court's decisions concerning the retroactivity of *Hurst* violate the rights to due process and equal protection due to arbitrariness). The amendment to article X, section 9 of the Florida Constitution has no effect on our prior consideration of these claims.[1]

Moreover, because the claims to a substantive right under chapters 2016-13 and 2017-1 and the claims arguing violations of due process and equal protection due to this Court's retroactivity holdings were previously presented to this Court in case number SC17-2272, they are procedurally barred. *See Lambrix v. State*, 217 So. 3d 977, 989 (Fla. 2017) ("Lambrix cannot use a successive petition for writ of habeas corpus to raise claims that he raised in a prior proceeding.").

For the foregoing reasons, Jimenez's petition for writ of habeas corpus is denied. Having fully considered Jimenez's petition, we deny his motion for a stay of execution and deny his request for oral argument as moot. No rehearing will be entertained by this Court.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

---

1. On December 10, 2018, Jimenez filed a petition for writ of habeas corpus in the United States District Court for the Southern District of Florida, raising the same claims presented in this petition, in addition to other claims that we recently rejected. *See Jimenez v. State*, Nos. SC18-1247 & SC18-1321, 43 Fla. L. Weekly S433 (Fla. Oct. 4, 2018), *petition for cert. docketed*, No. 18-6970 (U.S. Dec. 10, 2018).

**CASE NO.:** SC18-1999
Page Four

A True Copy
Test:



John A. Tomasino
Clerk, Supreme Court

cd
Served:

MELISSA ROCA SHAW
MARTIN J. MCCLAIN
LINDA MCDERMOTT
LISA-MARIE LERNER
HON. RICHARD L. HERSCH, JUDGE
HON. BERTILA ANA SOTO, CHIEF JUDGE
HON. HARVEY RUVIN, CLERK
ABBE S. RIFKIN
FARIBA N. KOMEILY