# Supreme Court of Florida

_____

No. SC19-2123
_____

**JOEL DALE WRIGHT,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

January 7, 2021

PER CURIAM.

Joel Dale Wright appeals an order of the circuit court denying his successive postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.851. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

## BACKGROUND

In 1983, Wright was convicted of first-degree murder, sexual battery, burglary of a dwelling, and second-degree grand theft. He was sentenced to death. *Wright v. State*, 473 So. 2d 1277 (Fla. 1985). His death sentence became final when the United States Supreme Court denied certiorari review on January 21, 1986. *Wright v. Florida*, 474 U.S. 1094 (1986). This Court subsequently affirmed the denial of Wright's first three postconviction motions. *Wright v. State*, 581 So.

2d 882 (Fla. 1991); *Wright v. State*, 857 So. 2d 861 (Fla. 2003); *Wright v. State*, 995 So. 2d 324 (Fla. 2008).

In 2017, Wright filed a third successive postconviction motion raising claims based on the retroactivity of *Hurst v. Florida*, 577 U.S. 92 (2016), *Hurst v. State*, 202 So. 3d 40 (Fla. 2016), and chapter 2017-1, Laws of Fla.[1] He now appeals the denial of his most recent postconviction claims.

## ANALYSIS

The crux of Wright's argument on appeal is that this Court's decision in *Hurst v. State* established a new offense—capital first-degree murder—and that the jury sentencing determinations described in *Hurst* are "elements" of that new offense. From that assertion, Wright insists that *Hurst* created a substantive rule of law that dates back to Florida's original capital sentencing statute, thereby requiring Wright's death sentence to be vacated on the ground that certain elements of his crime were never found by a jury.

We rejected a similar argument in *Foster v. State*, 258 So. 3d 1248, 1251 (Fla. 2018). As we explained in *Foster*, there is no independent crime of "capital first-degree murder"; the crime of first-degree murder is, by definition, a capital crime, and *Hurst v. State* did not change the elements of that crime. *Id.* at 1251-52

---

1. Chapter 2017-1, Laws of Florida was a legislative enactment by which Florida's capital sentencing statute was amended to require jury sentencing determinations of the kind described in *Hurst v. State*.

(holding that when a jury makes *Hurst* determinations, "it only does so *after* a jury has unanimously convicted the defendant of the capital crime of first-degree murder").

Moreover, "[w]e have consistently applied our decision in *Asay* [*v. State*, 210 So. 3d 1 (Fla. 2016)], denying the retroactive application of *Hurst v. Florida* as interpreted in *Hurst v. State* to defendants whose death sentences were final when the Supreme Court decided *Ring v. Arizona*, 536 U.S. 584 (2002)." *Hitchcock v. State*, 226 So. 3d 216, 217 (Fla. 2017). Wright echoes other pre-*Ring* defendants who have advanced myriad legal theories that, in the end, turn on pleas for a retroactive application of *Hurst*. But this Court has rejected such arguments, however styled. *See, e.g.*, *Lambrix v. State*, 227 So. 3d 112, 113 (Fla. 2017) (rejecting arguments based on "the Eighth Amendment," "denial of due process and equal protection," and "a substantive right based on the legislative passage of chapter 2017-1, Laws of Florida").

Finally, Wright offers an extensive critique of this Court's decision in *State v. Poole*, 297 So. 3d 487 (Fla. 2020), where we partially receded from *Hurst*. We need not address *Poole* here, however, because Wright's claims fail even under our pre-*Poole* jurisprudence on *Hurst* and retroactivity.

For these reasons, we affirm the trial court's denial of postconviction relief.

It is so ordered.

POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.
CANADY, C.J., concurs in result.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Putnam County,
    Raul A. Zambrano, Judge - Case No. 541983CF000376CFAXMX

Neal Dupree, Capital Collateral Regional Counsel, Vincent M. D'Agostino, Staff Attorney, and Martin J. McClain, Special Assistant Capital Collateral Regional Counsel, Southern Region, Fort Lauderdale, Florida,

    for Appellant

Ashley Moody, Attorney General, Tallahassee, Florida, and Doris Meacham, Assistant Attorney General, Daytona Beach, Florida,

    for Appellee