# Supreme Court of Florida

_____

No. SC20-287
_____

**RICHARD BARRY RANDOLPH,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

February 4, 2021

PER CURIAM.

Richard Barry Randolph appeals a circuit court order denying his second successive postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.851. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

## BACKGROUND

Randolph was convicted of first-degree murder and sentenced to death in 1990, and this Court affirmed his conviction and sentence. *Randolph v. State*, 562 So. 2d 331, 332-34 (Fla. 1990), *cert. denied*, 498 U.S. 992 (1990). In 2003, Randolph filed a motion to vacate the judgment and sentence, and we affirmed the denial of that motion. *Randolph v. State*, 853 So. 2d 1051, 1069 (Fla. 2003). We

also denied a petition in which Randolph sought relief under *Ring v. Arizona*, 536

U.S. 584 (2002). *Randolph v. Crosby*, 861 So. 2d 430 (Fla. 2003).

In 2010, Randolph filed another postconviction motion, which the trial court

denied for being untimely, successive, procedurally barred, and failing to present

any new basis for relief that applied retroactively. In 2017, Randolph filed a

second successive postconviction motion, raising four claims—all based on the

retroactivity of *Hurst v. State*, 202 So. 3d 40 (Fla. 2016), *Hurst v. Florida*, 577

U.S. 92 (2016), and chapter 2017-1, Laws of Florida.[1] Randolph amended his

motion to add a fifth claim, asserting that his sentence violated the Eighth

Amendment. He now appeals the denial of his most recent postconviction claims.

## ANALYSIS

Randolph's primary argument on appeal is that this Court's decision in

*Hurst v. State* established a new criminal offense—capital first-degree murder—

and that the jury sentencing determinations described in *Hurst* are "elements" of

that new offense. From that assertion, Randolph insists that *Hurst* created a

substantive rule of law that dates back to Florida's original capital sentencing

statute, thereby requiring Randolph's death sentence to be vacated on the ground

that certain elements of his crime were never found by a jury.

---

1. Chapter 2017-1, Laws of Florida was a legislative enactment by which Florida's capital sentencing statute was amended to require jury sentencing determinations of the kind described in *Hurst v. State*.

We rejected a similar argument in *Foster v. State*, 258 So. 3d 1248, 1251 (Fla. 2018).  As we explained in *Foster*, there is no independent crime of "capital first-degree murder"; the crime of first-degree murder is, by definition, a capital crime, and *Hurst v. State* did not change the elements of that crime.  *Id.* at 1251-52 (holding that when a jury makes *Hurst* determinations, "it only does so *after* a jury has unanimously convicted the defendant of the capital crime of first-degree murder").

Moreover, "[w]e have consistently applied our decision in *Asay* [*v. State*, 210 So. 3d 1 (Fla. 2016)], denying the retroactive application of *Hurst v. Florida* as interpreted in *Hurst v. State* to defendants whose death sentences were final when the Supreme Court decided *Ring v. Arizona*, 536 U.S. 584 (2002)." *Hitchcock v. State*, 226 So. 3d 216, 217 (Fla. 2017).  Randolph echoes other pre-*Ring* defendants who have advanced myriad legal theories that, in the end, turn on pleas for a retroactive application of *Hurst*.  But this Court has rejected such arguments, however styled.  *See, e.g.*, *Lambrix v. State*, 227 So. 3d 112, 113 (Fla. 2017) (rejecting arguments based on "the Eighth Amendment," "denial of due process and equal protection," and "a substantive right based on the legislative passage of chapter 2017-1, Laws of Florida").  Randolph's argument that his death sentence was insufficiently reliable to satisfy the Eighth Amendment is similarly unavailing.

Finally, Randolph offers an extensive critique of this Court's decision in *State v. Poole*, 297 So. 3d 487 (Fla. 2020), where we partially receded from *Hurst*. We need not address *Poole* here, however, because Randolph's claims fail even under our pre-*Poole* jurisprudence on *Hurst* and retroactivity.

For these reasons, we affirm the trial court's denial of postconviction relief.

It is so ordered.

POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.
CANADY, C.J., concurs in result.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Putnam County,
    Howard Ogle McGillin, Jr., Judge - Case No. 541988CF001357CFAXMX

Neal Dupree, Capital Collateral Regional Counsel, Marta Jaszczolt, Staff Attorney, and Rachel L. Day, Assistant Capital Collateral Regional Counsel, Southern Region, Fort Lauderdale, Florida,

    for Appellant

Ashley Moody, Attorney General, Tallahassee, Florida, and Doris Meacham, Assistant Attorney General, Daytona Beach, Florida,

    for Appellee