# Supreme Court of Florida

————

No. SC2015-1628

————

**GUILLERMO OCTAVIO ARBELAEZ,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

————

No. SC2018-0392

————

**GUILLERMO OCTAVIO ARBELAEZ,**
Petitioner,

vs.

**RICKY D. DIXON, etc.,**
Respondent.

May 25, 2023

PER CURIAM.

Guillermo Octavio Arbelaez, a prisoner under sentence of death, appeals the circuit court's order summarily denying his successive motion for postconviction relief, which was filed under

Florida Rules of Criminal Procedure 3.851 and 3.203.  Arbelaez also petitions this Court for a writ of habeas corpus.  We have jurisdiction.  *See* art. V, § 3(b)(1), (9), Fla. Const.

In 1991, a jury convicted Arbelaez of first-degree murder and kidnapping.  We affirmed Arbelaez's convictions and sentence of death on direct appeal.  *Arbelaez v. State* (*Arbelaez I*), 626 So. 2d 169 (Fla. 1993).  We upheld the denial of his initial motion for postconviction relief on all but one claim, which we remanded for an evidentiary hearing.  *Arbelaez v. State* (*Arbelaez II*), 775 So. 2d 909 (Fla. 2000).  We upheld the denial of his second postconviction motion after the evidentiary hearing and denied his petition for a writ of habeas corpus.  *Arbelaez v. State* (*Arbelaez III*), 898 So. 2d 25 (Fla. 2005).

In 2004, Arbelaez filed his third postconviction motion, in which he raised an intellectual disability claim under Florida Rule of Criminal Procedure 3.203 and *Atkins v. Virginia*, 536 U.S. 304 (2002).  We reversed the denial of his intellectual disability claim and remanded for an evidentiary hearing.  *Arbelaez v. State* (*Arbelaez IV*), No. SC2005-1610 (Fla. order Nov. 14, 2006).  We upheld the denial of his fourth postconviction motion after an

evidentiary hearing.  *Arbelaez v. State* (*Arbelaez V*), 72 So. 3d 745 (Fla. 2011).  We also upheld the denial of his fifth postconviction motion.  *Arbelaez v. State* (*Arbelaez VI*), 88 So. 3d 146 (Fla. 2012).

In May 2015, Arbelaez filed his sixth postconviction motion under Florida Rules of Criminal Procedure 3.851 and 3.203.  Within his motion, Arbelaez sought relief based on *Hall v. Florida* (*Hall*), 572 U.S. 701 (2014), and *Atkins*.  In June 2015, the circuit court issued an order summarily denying Arbelaez's intellectual disability claim in light of this Court's decision in *Arbelaez V*.  This appeal followed.  While Arbelaez's postconviction case was pending in this Court, this Court permitted Arbelaez to file supplemental briefing in light of *Hurst v. Florida*, 577 U.S 92 (2016), and *Hall v. State* (*Hall v. State*), 201 So. 3d 628 (Fla. 2016).  Arbelaez subsequently filed a petition for a writ of habeas corpus in which he claimed that chapter 2017-1, Laws of Florida, created a substantive right that must be retroactively applied under the United States and Florida Constitutions.

First, Arbelaez is not entitled to postconviction relief based on his intellectual disability claim.  As this Court stated in *Phillips v. State*, 299 So. 3d 1013, 1024 (Fla. 2020), *Hall* does not apply

retroactively. Accordingly, we affirm the circuit court's order summarily denying Arbelaez's successive motion for postconviction relief.

Second, Arbelaez is not entitled to *Hurst* relief because the jury unanimously found that Arbelaez was guilty of kidnapping Julio Rivas. *See State v. Poole*, 297 So. 3d 489, 508 (Fla. 2020) ("The jury in Poole's case unanimously found that, during the course of the first-degree murder of Noah Scott, Poole committed the crimes of attempted first-degree murder of White, sexual battery of White, armed burglary, and armed robbery. Under this Court's longstanding precedent interpreting *Ring v. Arizona* [536 U.S. 584 (2002)] and under a correct understanding of *Hurst v. Florida*, this satisfied the requirement that a jury unanimously find a statutory aggravating circumstance beyond a reasonable doubt."); *Arbelaez I*, 626 So. 2d at 174 ("[T]he jury found Arbelaez guilty of kidnapping and the first-degree murder of Julio Rivas.").

This Court has consistently rejected as without merit the claim that chapter 2017-1, Laws of Florida, created a substantive right that must be retroactively applied. *See, e.g., Thomas v. Jones*, SC2017-2268, 2018 WL 3198373, at *1 (Fla. June 29, 2018)

(unpublished order); *Rodriguez v. Jones*, SC2018-0352, 2018 WL 1673423, at *1 (Fla. Apr. 6, 2018) (unpublished order); *Hannon v. State*, 228 So. 3d 505, 513 (Fla. 2017); *Lambrix v. State*, 227 So. 3d 112, 113 (Fla. 2017); *Asay v. State*, 224 So. 3d 695, 703 (Fla. 2017). Arbelaez's arguments do not compel departing from our precedent. Consequently, we deny Arbelaez's petition for a writ of habeas corpus.

Any rehearing motion containing reargument will be stricken.

It is so ordered.

MUÑIZ, C.J., and CANADY, COURIEL, GROSSHANS, and FRANCIS, JJ., concur.
LABARGA, J., dissents with an opinion.
SASSO, J., did not participate.

LABARGA, J., dissenting.

In light of my dissent in *Phillips v. State*, 299 So. 3d 1013 (Fla. 2020) (receding from *Walls v. State*, 213 So. 3d 340 (Fla. 2016), and holding that *Hall v. Florida*, 572 U.S. 701 (2014), does not apply retroactively), I dissent to the majority's decision to the extent that it affirms the summary denial of Arbelaez's successive motion for postconviction relief.

An Appeal from the Circuit Court in and for Miami-Dade County,
    Diane Valentina Ward, Judge

Case No. 131988CF0055460001XX
And an Original Proceeding – Habeas Corpus

Suzanne Keffer, Capital Collateral Regional Counsel, and Todd Scher, Assistant Capital Collateral Regional Counsel, Southern Region, Fort Lauderdale, Florida,

for Appellant/Petitioner

Ashley Moody, Attorney General, Tallahassee, Florida, and Leslie T. Campbell, Assistant Attorney General, West Palm Beach, Florida,

for Appellee/Respondent